## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DARLENE COLLINS, individually and
on behalf of all others similarly situated;
BAIL BOND ASSOCIATION OF
NEW MEXICO; SENATOR RICHARD
MARTINEZ; SENATOR BILL SHARER;
SENATOR CRAIG BRANDT;
REPRESENTATIVE BILL REHM; and
REPRESENTATIVE CARL TRUJILLO,

       Plaintiffs,

v.                                                       1:17-cv-00776-RJ-KK

CHARLES W. DANIELS, Individually and in
His Official Capacity; EDWARD L. CHAVEZ,
Individually and in His Official Capacity;
PETRA JIMENEZ MAEZ, Individually and in
Her Official Capacity; BARBARA J. VIGIL,
Individually and in Her Official Capacity;
JUDITH K. NAKAMURA, Individually and in
Her Official Capacity; THE NEW MEXICO
SUPREME COURT; NAN NASH, Individually
and in Her Official Capacity; JAMES NOEL,
Individually and in His Official Capacity;
THE SECOND JUDICIAL DISTRICT COURT;
HENRY A. ALANIZ, Individually and in His
Official Capacity; ROBERT L. PADILLA,
Individually and in His Official Capacity;
BERNALILLO COUNTY METROPOLITAN COURT;
JULIE MORGAS BACA, Individually and in Her
Official Capacity; and BERNALILLO COUNTY,

       Defendants.

## COUNTY DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS
## AND FOR QUALIFIED IMMUNITY, IN LIEU OF AN ANSWER[1]

---

[1] Defendants bring this Motion pursuant to Rule 12 and therefore reserve this right to state available affirmative defenses in an Answer, should one become necessary. However, Defendants, without limitation, state the following possible affirmative defenses: Plaintiffs have failed to state a claim under which relief may be granted; Plaintiffs' claims are barred by the Prison Litigation Reform Act; Plaintiffs' claims are barred by res judicata, priority jurisdiction, and collateral estoppel; Plaintiffs have failed to mitigate damages; any damage incurred by the Plaintiffs was caused by others for which Defendants cannot be held liable; the actions of Defendants do not rise to the level of any contractual, statutory, or constitutional violations or other deprivations or breach of Plaintiffs' rights; Plaintiffs received all the process which was due; Defendants did not engage in any action constituting deliberate indifference to Plaintiffs' rights; Defendants' actions do not shock the conscience of the Court; Plaintiffs' claims are barred by

COME NOW defendants Julie Morgas Baca, and Bernalillo County, by and through their attorneys, The New Mexico Association of Counties (Brandon Huss and Patrick Trujillo), and hereby move the Court for an Order dismissing all counts against defendants Baca and the County with prejudice. In support of the motion, the defendants state the following[2]:

## ALLEGATIONS AGAINST COUNTY MANAGER JULIE MORGAS BACA

Manager Baca is mentioned in one substantive paragraph of the complaint (identifying her as the County Manager). See ¶37. Beyond that assertion, she is identified in the caption and the initial paragraph of the complaint (which identifies her as a defendant). Beyond that, there are no allegations against Manager Baca included in the complaint. See complaint generally. Notwithstanding the total lack of any allegations against defendant Baca, she is sued in both her individual and her official capacities. As explained below, an individual capacity claim requires a statement of actionable conduct by Manager Baca. Because there are no substantive allegations against defendant Baca, all claims against her should be dismissed. Because the amended complaint fails to state any plausible claims and any amendment would be futile, the dismissal should be with prejudice.

## SUMMARY OF THE ARGUMENTS

---

estoppel, laches, and the doctrine of extraordinary circumstances; Plaintiffs' complaint is barred by the doctrines of absolute and/or qualified immunity; Plaintiffs' claims are barred as a matter of law; Plaintiffs' claims are barred by sovereign immunity; Plaintiffs' claims against any official capacity defendant are barred by Plaintiffs' failure to demonstrate a pattern of alleged acts and/or Plaintiffs' failure to demonstrate the Defendants acted with deliberate indifference to Plaintiffs' rights, and/or by Plaintiffs' failure to demonstrate the Defendants acted, authorized or approved alleged unconstitutional acts by the adoption and/or implementation of an official plan or policy; Plaintiffs' claims fail to illustrate a violation of clearly established law; and Plaintiffs' claims fail to state a necessary and indispensable party. The Defendants reserve the right to rely on other defenses as they become known during discovery and do not knowingly waive any defenses.

[2] Prior to filing this motion, defendants sought consent from the plaintiffs; plaintiffs oppose this motion.

Defendants seek dismissal of all counts directed at the Bernalillo County defendants (the Board and Manager Baca) for the following reasons: first, there are no substantive allegations against Defendant Baca whatsoever. Second, the County has not been properly identified for purposes of suit. Even if the County had been properly named, the one allegation made against the County (that it entered into an MOU to utilize the Arnold pretrial risk analysis tool) fails to state any claim under which relief may be granted. Finally, for the reasons expressed in the other defendants' motion to dismiss, the complaint fails to state any claim under which relief may be granted; therefore, any amendment would be futile. Therefore, all claims against the County and Manager Baca should be dismissed with prejudice. In the alternative, Manager Baca should be granted qualified immunity for any claims against her in her individual capacity as any plausible claim would not, and could not, illustrate a violation of clearly established law[3].

## STANDARD OF REVIEW

When evaluating a motion to dismiss for failure to state a claim, the Court assumes the truth of all well-pleaded facts in the complaint, and draws reasonable inferences therefrom in the light most favorable to the plaintiff. *Dias v. City & County of Denver*, 567 F.3d 1169, 1178, (10th Cir. 2009). This assumption, however, is inapplicable when the complaint relies on a recital of the elements of a cause of action supported by mere conclusory statements. *See Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Therefore, to survive a motion to dismiss,

> a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it

---

[3] Because qualified immunity is at issue, the defendants request a stay of all proceedings pending an outcome of the immunity matters.

> stops short of the line between possibility and plausibility of
> entitlement to relief.

*Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011)(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted" under Rule 8(a)(2). *Smith v. United States,* 561 F.3d 1090, 1098 (10th Cir.2009)(quotation marks and citation omitted), *cert. denied,* 130 S.Ct. 1142.

The "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly,* 550 U.S. at 555, so that "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins,* 519 F.3d at 1247 (parenthetical note in original). Under this standard, "a plaintiff must nudge his claims across the line from conceivable to plausible in order to survive a motion to dismiss." *Smith,* 561 F.3d at 1098. Therefore, a plaintiff must "frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins,* 519 F.3d at 1247 (quoting *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955).

The *Twombly* Court explained this "does not impose a probability requirement at the pleading stage," but "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" misconduct required for relief. 550 U.S. at 556, 127 S.Ct. 1955. As a result, the Court pointed out the complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.' " *Id.* at 555, 127 S.Ct. 1955 (quoting *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). It concluded a "bare assertion" of the elements required to make a claim is not enough, but a claim

needs "some further factual enhancement" to get it from "possibility" to the requisite "plausibility" required for relief. *Id.* at 556-57, 127 S.Ct. 1955.

Following *Twombly,* the Tenth Circuit determined that "plausibility," as used by the Supreme Court, referred to the scope of the allegations in a complaint, and "if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff has not nudged their claims across the line from conceivable to plausible." *Robbins,* 519 F.3d at 1247 (quotation marks and citation omitted).

When the *Iqbal* and *Twombly* standards are applied to this case, the complaint fails to state a plausible claim against the County or Manager Baca. Accordingly, defendants respectfully pray for dismissal of all claims against the Bernalillo defendants. In the alternative, Manager Baca prays for an order granting her qualified immunity for all claims against the individual capacity defendants.

## THE DOCTRINE OF QUALIFIED IMMUNITY

This District recently reiterated the law of qualified immunity and the process to be followed in evaluating immunity claims. See *Gerhardt v. Mares et al*, DNM 15-cv-00797, \*\*36-48 (Browning, J. 1/20/2016).

Under that standard, the defendants are advancing two related arguments related to immunity. First, plaintiffs' complaint fails to state a plausible claim against any defendant. Second, any claim the Court holds to be plausible is not a violation of clearly established law and any application of a novel theory of law may not be stated against Manager Baca. Therefore, she is entitled to qualified immunity.

I.     **THE COMPLAINT FAILS TO ASSERT THAT MANAGER BACA PERSONALLY
       PARTICIPATED IN THE ALLEGED DEPRIVATION OF RIGHTS.**

"It is axiomatic that, to prevail on a damages claim for a constitutional violation pursuant to § 1983, the plaintiff must show that the defendant, acting under color of state law, 'personally participated in the alleged violation.'" *Robertson v. Las Animas County Sheriff's Dept.*, 500 F.3d 1185, 1193 (10th Cir.2007) (quoting *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir.1996)). "The plaintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation." *Jenkins*, 81 F.3d at 994; see also *Porro v. Barnes*, 624 F.3d 1322, 1327–28 (10th Cir.2010) ("To establish a violation of § 1983 ... the plaintiff must establish a deliberate, intentional act on the part of the defendant to violate the plaintiff's legal rights.")(further quotations omitted); *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir.2010). See also *Wilson v. Montano*, 715 F.3d 847, 854 (10th Cir. 2013)("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.")(internal quotation marks and citation omitted). "Supervisory status alone does not create § 1983 liability. Rather, there must be an affirmative link ... between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Gallagher v. Shelton*, 587 F.3d 1063, 1069, (10th Cir. 2009)(internal citation removed). Any claim that a defective policy creates supervisory liability must be supported by plausible allegations that, when taken as true, the supervisor's conduct was a "deliberate or conscious choice." *Barney v. Pulsipher*, 143 F.3d at 1307-08 (citations omitted)(internal quotation marks omitted).

A review of the complaint illustrates a lack of allegations regarding the type of participation required to establish individual capacity liability against Manager Baca. There are no substantive facts pled against Manager Baca, in either capacity. Specifically, the complaint only mentions Manager Baca one time in the entire body of the substantive allegations and that mention only

identifies her as the manager and states that plaintiffs are attempting to sue her in both the individual and official capacity. There are no policy allegations against her and no allegations of personal participation in any constitutional deprivation.

Regarding the remaining allegations in the complaint, the Tenth Circuit has made clear that claims regarding cumulative "defendants" do not establish individual capacity personal participation. In *Brown v. Montoya*, 662 F.3d 1152 (10th Cir. 2011), the Court evaluated a claim where an inmate pled guilty to false imprisonment and served time in the correctional facility. When he was released, his probation officer directed him to register as a sex offender. The plaintiff sued to be removed from the sex offender registry and the sex offender section of the probation department; he prevailed. He then brought suit against the Secretary of Corrections and the probation officer in both their official capacities and their individual capacities. Among other rulings, the district court denied the Secretary's motion to dismiss. On appeal, the Tenth Circuit found that broad claims stated against groups of "defendants" did not establish individual capacity claims against the Secretary. The Court noted that only one paragraph identified the Secretary by name and held that the plaintiff needed to identify specific actions taken by particular defendants that could form the basis of a constitutional violation. In reversing the district court, the Tenth Circuit relied on *Iqbal* for the proposition that "it is particularly important that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Id.* at 1163 (quotation removed).

This complaint, as in *Brown*, "fails to isolate the allegedly unconstitutional acts of" any County defendant. *Id.* at 1165. Therefore, for the same reasons expressed in *Brown* the complaint fails to state a plausible claim against the County defendants because it lacks any substantive

allegations that either the County or Manager Baca acted in any way which deprived this plaintiff of a constitutional right, by individual conduct or otherwise.

Not only does the complaint not allege any specific conduct on the part of the individual capacity defendants, it also fails to establish that any individual capacity defendant acted with the requisite state of mind. In *Dodds v. Richardson*, 614 F.3d 1185 (10th Cir. 2010), the Tenth Circuit described the type of personal participation which must be alleged in the complaint to establish individual capacity claims based on policy. The Court explained that a plaintiff must demonstrate plausible allegations that:

> (1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation.

*Id.* at 1199. See also, *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760 (10th Cir. 2013)(explaining that *Iqbal* raised the bar for what type of personal participation must be alleged against individual capacity supervisor defendants.)

Here, the complaint illustrates a total absence of any substantive allegations against the County defendants. There are no policy based allegations illustrated in the complaint. As such, the plaintiff's complaint fails to state a claim against the individual defendants. Also importantly, there are no plausible allegations regarding the requisite state of mind on the part of Manager Baca.

This District has recognized that blanket assertions of policy without factual allegations to support them are formulaic and may not be used to establish policy based claims against individual defendants. See *Preston v County of Lincoln et al* 15-cv-1029-SMV-LAM (April 19, 2016) at *8 noting that conclusory allegations of custom or policy supported by threadbare recitals of elements will not meet the burden of establishing a plausible claim against individual capacity defendants.

Here, the complaint lacks factual allegations against any County defendant. In sum, it contains no allegation which meets the Tenth Circuit's test for personal participation including knowledge, policy making, deliberate indifference, and personal conduct. Therefore, the claims fail to state any claim against the County defendants, individual or otherwise.

## II.    OFFICIAL CAPACITY CLAIMS BROUGHT AGAINST INDIVIDUALLY NAMED DEFENDANTS ARE DUPLICATIVE OF THE CLAIM BROUGHT AGAINST THE COUNTY; AS SUCH, THEY MUST BE DISMISSED.

"An action against a person in his official capacity is, in reality, an action against the government entity for whom the person works." *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1009 (10th Cir.1998). If a governmental entity is already a defendant in a lawsuit, then any official capacity claims against its employees are redundant and may be dismissed. *Bennett v. Johnson*, No. 09–CV–612–TCK–PJC, 2010 WL 2465499, at *5 (N.D.Okla. June 11, 2010); see also *Thanongsinh v. Bd. of Educ.*, 462 F.3d 762, 771 n .7 (7th Cir.2006) (holding that a Title VII claim against a school district employee in his official capacity was duplicative of plaintiff's Title VII claim against the school district itself and that it was proper for the district court to dismiss it); *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir.2001) ("The district court was also correct in dismissing the allegations against all of the municipal officers ... in their official capacities, as these allegations duplicate claims against the respective governmental entities themselves."); *Bills v. City of Okla. City*, No. CIV–09–00974–D, 2010 WL 3604437, at *2–3 (W.D.Okla. Sept.9, 2010) (dismissing official capacity claims against governmental employees that duplicated plaintiff's claims against the governmental entity); *Rubio v. Turner Unified Sch. Dist. No. 202*, 453 F.Supp.2d 1295, 1300 (D.Kan.2006) (dismissing duplicative official capacity claims).

In other words, "[o]fficial capacity suits ... 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky*, 473 U.S. at 165

(quoting *Monell*, 436 U.S. at 690 and citing *Brandon v. Holt*, 469 U.S. 464, 469 U.S. at 471-72). Consequently, when local officials are sued in their official capacities, the lawsuit is treated as a suit against the local governmental entity which employs the local officials. See *Vialpando v. Ritter*, 52 F.3d 339 (10th Cir. 1995). "[A] §1983 action appropriately is pleaded against a [local governmental entity] either by naming the [entity] itself or by naming [the entity's official] in his or her official capacity. Naming either is sufficient. Naming both is redundant." *Stump v. Gates*, 777 F.Supp. 808, 816 n.3 (D. Colo. 1991), aff'd, 986 F.2d 1429 (10th Cir. 1993)(citations omitted).

Here, the claims against Manager Baca in her official capacity are redundant to the claims against the County. Therefore, defendants move the Court for an Order dismissing all official capacity claims against her with prejudice.

## III.   TO THE EXTENT ANY OF THE CLAIMS ARE FOUND TO HAVE STATED A PLAUSIBLE CLAIM AGAINST MANAGER BACA, ANY SUCH NOVEL THEORY IS NOT CLEARLY ESTABLISHED; THEREFORE, MANAGER BACA IS ENTITLED TO QUALIFIED IMMUNITY.

To the extent the Court finds that plaintiffs have pled a plausible claim against Manager Baca, any such claim would not illustrate a violation of clearly established law because there is no holding from the United States Supreme Court or the Tenth Circuit establishing a right to monetary bail. There is no standing common law which would have informed Manager Baca that complying with the Supreme Court's Rules or the Constitutional Amendment was a violation of plaintiffs' rights. Therefore, Manager Baca could not have known that any alleged conduct violated clearly established law.

## VI.   "BERNALILLO COUNTY" IS NOT A VIABLE DEFENDANT.

NMSA § 4-46- 1 states that all suits against a county must be brought against the "board of county commissioners of the county of ……." The "County" is not an entity that may be named in a lawsuit. As described below, only the Board of County Commissioners may be named

defendant in claims against the County; therefore, all claims against the county, generally, must be dismissed.

While there are no Tenth Circuit decisions regarding NMSA § 4-46- 1, this district has interpreted the New Mexico statute as requiring claims against the County to be in the name of the Board of Commissioners. See *Angel v Torrance County Sheriff, et al* (DNM 8/23/2005 Black)2 In *Angel*, Judge Black dismissed claims stated against the Sheriff's Department and the "County" under NMSA 4-46-1. Specifically, he held:

> [U]nder New Mexico law, a sheriff's department is not a local governmental "entity" distinct from the county itself. *See, e.g.*, NMSA 1978 § 4-38-1 (2002 Repl. Pamp.) (county constitutes "body politic and corporate"), § 4-46-1 (all suits and proceedings brought against a county "shall be" brought against board of county commissioners). As to Torrance County, it is the law of New Mexico that 'all suits or proceedings ... against a county' must be brought against the board of county commissioners, rather than the county itself._See NMSA 1978 § 4-46-1. Defendant Torrance County, therefore, is not a proper party to this action as a matter of law.)(internal quotation removed.

*Angel* at *7-8. See also *Reynolds v. Lincoln*, et al (DNM 5/19/2000 Garcia) where Judge Garcia held that § 4-46-1 requires claims against counties to be brought in the name of the board of county commissioners for the specific county. Further, in *Johnson v Curry County Juvenile Detention Center et al* (DNM 06/01/2007 Parker), Judge Parker recognized that Defendant Curry County Juvenile Detention Center was not a proper party because, as a matter of state law, only the Board of Curry County Commissioners has the capacity to be sued. As no case may be stated against the County under NMSA 46- 4-1, under any circumstances, defendants move to dismiss all claims against "the County"; because no amendment could make any claim against the County actionable, the dismissal should be with prejudice.

## VII.   ADOPTION OF THE COURT DEFENDANTS' MOTION TO DISMISS.

Manager Baca and the County hereby adopt the motion to dismiss filed by the other defendants [Doc. 14] as if fully restated here. Further, the arguments made by the Court defendants apply equally to the County defendants. Not only have plaintiffs not pled any claim for relief, but Manager Baca would be entitled to quasi-judicial absolute immunity to the extent that any claim could both apply, and overcome, qualified immunity. Because plaintiffs' complaint fails to state any viable claim against any defendant, the Court should dismiss the entire complaint. As no amendment could cure the failures, the dismissal should be with prejudice.

## CONCLUSION

Plaintiffs' complaint makes no assertions against defendant Julie Morgas Baca, in either capacity. As such, the complaint fails to state a claim under which relief may be granted against her. The claims against the County fail both because plaintiffs have failed to properly identify the County and because plaintiffs' complaint fails to illustrate any official policy which led to any actionable violation of plaintiffs' rights. As such, all claims against the County fail as well.

Wherefore, the defendants respectfully pray for an order dismissing all claims against the Bernalillo County defendants. In the alternative, the defendants pray for an order granting qualified immunity to Manager Baca. Because no amendment could cure the failures in the complaint, and plaintiffs have already amended once, the dismissal should be with prejudice.

Respectfully Submitted,

NEW MEXICO ASSOCIATION OF COUNTIES

/s/ Brandon Huss
Brandon Huss

Patrick Trujillo

111 Lomas Blvd., N.W., Ste. 424
Albuquerque, NM 87102
(505) 820-8116

bhuss@nmcounties.org
ptrujillo@nmcounties.org
*Attorneys for County Defendants*

I hereby certify that on this 28th day of August, 2017, I caused a true and correct copy of the foregoing *Motion* to be filed electronically through the CM/ECF system, which caused all counsel of record to be served, as noted on the notice of electronic filing.

/s/ Brandon Huss
Brandon Huss