IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DARLENE COLLINS, et al.,**

    **Plaintiffs,**

v.                                                       1:17-cv-00776-RJ-KK

**CHARLES W. DANIELS, Individually and in
His Official Capacity, et al.,**

    **Defendants.**

---

**NEW MEXICO JUDICIAL DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S *MOTION FOR EXTENSION OF TIME TO RESPOND
MOTIONS [SIC] TO DISMISS***

Upon filing this lawsuit, Plaintiffs almost immediately demanded an "emergency" Motion for a Preliminary Injunction [*see* ECF docket, entry #9]. Their Motion repeatedly emphasizes the need for immediate adjudication of their claims, demanding "emergency injunctive relief," Corrected Motion for a Preliminary Injunction [ECF Dkt. #11] at 7, and proclaiming that "[t]he need for injunctive relief is urgent. Every day that a person is subject to … home detention and a severely restrictive ankle bracelet, he/she suffers an irreparable constitutional injury," *id*. at 2. Plaintiffs sought "expedited briefing and argument" on their Motion. *Id*. at 40.

Now that Judicial Defendants have laid bare the utter lack of legal support for any of Plaintiffs' claims, though, Plaintiffs' ardor for speedy resolution has cooled. Even as Plaintiffs insist that this Court fast-track their Corrected Motion for a Preliminary Injunction, they demand a 21-day extension of time to respond to Judicial Defendants' Motion to Dismiss, more than doubling the time allotted to them under the Local Rules for this federal judicial district.

As an initial matter, Plaintiffs incorrectly state that their response to Judicial Defendants' Motion to Dismiss is currently due on September 5, 2017.  Motion for Extension at 1 (¶ 2).  Under the applicable Local Rules, since Judicial Defendants filed their Motion to Dismiss on August 18, 2017, Plaintiffs' response is due fourteen days later, which is September 1, 2017.  D.N.M.LR-Civ. 7.4(a).  The Federal Rules no longer afford an additional three days for response to a motion where, as here, service of the Motion to Dismiss was made electronically through CM/ECF.  *See Myles v. Domino's Pizza, LLC*, 2017 WL 1025945 at *1 n.1 (N.D. Miss. Mar. 15, 2017) (noting that the amended version of Federal Rule of Civil Procedure 6(d) which went into effect on December 1, 2016, removed service by electronic means from the modes of service that allow three additional days for response).

Plaintiffs invoke their "heaving [sic] briefing schedule," various court appearances "and extensive scheduled discovery and motions practice," Motion for Extension at 1 (¶ 5), as reasons why they need more than a full month to respond to Judicial Defendants' Motion to Dismiss.  Notwithstanding the fact that Judicial Defendants and undersigned counsel also have busy schedules with multiple court commitments, Plaintiffs fail to identify which of their three attorneys are engaged with which obligations; with three attorneys on deck, it is difficult to understand why Plaintiffs' counsel need so much time to research straightforward legal matters like their own standing and the Court's subject-matter jurisdiction over their claims.  More important, Plaintiffs' counsel should have considered – <u>before</u> filing this lawsuit and seeking the attendant publicity – that their constitutional claims are absolutely barred under governing law, and that their Amended Complaint is plagued by fatal jurisdictional defects.  They simultaneously urge that the Court <u>speed up</u> consideration of Plaintiffs' claims and <u>delay</u> the ordinary briefing schedule provided by the Local Rules.

Despite these facts, Judicial Defendants agreed to a ten-day extension of time as a courtesy, a fact Plaintiffs conspicuously omit from their Motion for Extension.  *See* Motion for Extension, Ex. A at 1.  Plaintiffs fail to justify their need for a considerably longer extension of time to brief matters they should already have in their grasp.  Accordingly, the Court is well within its discretion to deny Plaintiffs' request.  *See Skrzypczak v. Roman Catholic Diocese of Tulsa*, 611 F.3d 1238, 1242 (10th Cir. 2010) (affirming district court's denial of request for extension under abuse of discretion standard of review).

If the Court does grant the Motion for Extension, it should defer consideration of Plaintiffs' Corrected Motion for a Preliminary Injunction until after it has ruled on Judicial Defendants' Motion to Dismiss.  That is both because Judicial Defendants' Motion to Dismiss raises threshold jurisdictional challenges to the Amended Complaint and because the Amended Complaint fails to state a claim for any legally available relief, which itself r any request for preliminary relief.  *See, e.g.*, *Olde Monmouth Stock Transfer Co. v. Depository Trust & Clearing Corp.*, 485 F. Supp. 2d 387, 391 (S.D.N.Y. 2007) ("[T]he Court properly considers [the defendant's] motion to dismiss [the plaintiff's] complaint before considering plaintiff's motion for a preliminary injunction. [Defendant] moves to dismiss the complaint under Rule 12(b)(6) on the ground that it fails to state a claim upon which relief – *any* form of relief – can be granted.  If [that] motion is well founded … the complaint falls and its motion for a preliminary injunction falls with it."); *Does v. Univ. of Wash.*, 2016 WL 5792693 at * (W.D. Wash. Oct. 4, 2016) ("[B]ecause [a defendant's] motion to dismiss addresses the court's subject matter jurisdiction, the court considers the motion to dismiss prior to Plaintiffs' motions for class certification and for a preliminary injunction.") (citing *Steel Co. v. Citizens for a Better Env't*, 532 U.S. 83, 94-95 (1998) (internal citation omitted)); *Int'l Bhd. of Teamsters v. N. Am. Airlines*, 2005 WL 947083 at *2 (N.D. Cal. Apr. 20, 2005) (noting that the

court found "good cause to stay consideration of [the plaintiff's] motion for preliminary injunction until after it resolve[d] [the defendant's] motion to dismiss or transfer").

For the foregoing reasons, the Court should deny Plaintiffs' request for a 21-day extension of time to respond to Judicial Defendants' Motion to Dismiss, or in the alternative should hold Plaintiffs' Motion for a Preliminary Injunction in abeyance pending resolution of the Motion to Dismiss.

                                                  Respectfully Submitted,

                                                  HECTOR H. BALDERAS
                                                  New Mexico Attorney General

                                                  By: */s/ Ari Biernoff*

                                                  Ari Biernoff
                                                  Assistant Attorney General
                                                  Post Office Drawer 1508
                                                  Santa Fe, NM 87504-1508
                                                  (505) 490-4058 telephone
                                                  (505) 490-4881 facsimile
                                                  abiernoff@nmag.gov

                                                  *Counsel for New Mexico Judicial Defendants*

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing *Response* on August 30, 2017 using the ECF System, which will send notification to all counsel of record.

                                                            */s/Ari Biernoff*