IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DARLENE COLLINS, et al.,

    Plaintiffs,

v.                                                  1:17-cv-00776-RJ-KK

CHARLES W. DANIELS, Individually and in
His Official Capacity, et al.,

    Defendants.

## JUDICIAL DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE

New Mexico Judicial Defendants (all Defendants except Bernalillo County and Bernalillo County Manager Julie Morgas Baca) hereby move the Court to impose sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

At the outset, Judicial Defendants must express their reservations about filing a Rule 11 sanctions motion. Judicial Defendants are particularly sensitive to the principle that Rule 11 sanctions should be sparingly sought and sparingly granted. But the Rule serves an absolutely necessary function in deterring attorneys, who are required to know better, from filing groundless litigation in abuse of the judicial process, regardless of the wishes of their legally unschooled clients. As the United States Supreme Court has observed, Rule 11 exists to "deter baseless filings in district court." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

To accomplish that meaningful deterrence, Rule 11(b) requires, in material part, that by presenting any pleading to the court, an attorney certifies that "to the best of the [attorney's] knowledge, information and belief, formed after an inquiry reasonable under the circumstances …

(1) [that pleading] is not being presented for any improper purpose" and (2) that "the claims, defenses and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law or for establishing new law."

This patently groundless lawsuit is a rare instance of attorney conduct requiring the application of Rule 11. Plaintiffs' attorneys ignore and actively misrepresent controlling law in their Amended Complaint and other pleadings, and they have filed this federal lawsuit against Judicial Defendants not with any colorable prospect of obtaining a ruling in their favor, but for the improper purpose of advancing a local and national public relations campaign on behalf of the money bail industry against bail reforms in New Mexico and throughout the United States.

Any minimally qualified attorney conducting the most rudimentary research would have to be aware that Plaintiffs' claims under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution are both utterly unsupported and filed in direct contravention of governing law. And any minimally qualified attorney would have to be aware that there is no legal basis for Plaintiffs' claims for money damages against any of the Judicial Defendants. Plaintiffs' counsel have not only filed frivolous claims but have petitioned the Court for extraordinary and legally unsupportable injunctive relief. Counsel, however, clearly either failed in their obligations to conduct even the most basic inquiry into applicable doctrines of jurisdiction, standing and immunity from suit before doing so, or – equally sanctionable under Rule 11 – filed this frivolous litigation for improper purposes despite their awareness that it has no basis in law. For the reasons set forth below, the Amended Complaint meets the definition of a "baseless filing" many times over. Rule 11 sanctions are required to deter Plaintiffs' counsel from future frivolous conduct in this proceeding and in other courts.

## I. APPLICABLE LAW

Rule 11 "imposes a duty on attorneys to certify that they have conducted a reasonable

inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose." *Cooter & Gell*, 496 U.S. at 393 (internal citations omitted). The rule's purpose is "to bring home to the individual signer his personal, nondelegable responsibility . . . to validate the truth and legal reasonableness of the papers filed." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc*., 498 U.S. 533, 547 (1991) (internal quotation omitted). The rule operates by requiring a signature on all court submissions certifying that the signer conducted a reasonable inquiry into the claims advanced and that after such inquiry can attest that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

Where an attorney fails to conduct the prerequisite "reasonable inquiry," Rule 11 provides for the imposition of sanctions. *Bus. Guides*, 498 U.S. at 541. "Rule 11 requires sanctions against attorneys who file signed pleadings, motions or other papers in district court which are not well-grounded in fact, are not warranted by existing law or a good faith argument for its extension, or are filed for an improper purpose." *Adamson v. Bowen*, 855 F.2d 668, 672 (10th Cir. 1988); *see also Duncan v. Citibank (South Dakota), N.A*., 2007 WL 1302648 at *3 (D.N.M. Mar. 31, 2007) ("[O]nce it is determined that a Rule 11 violation has occurred, the imposition of sanctions is mandatory") (citation omitted).

"In order to avoid Rule 11 sanctions, an attorney's actions must be objectively reasonable – that is, it is not sufficient that the attorney has a good faith belief in the merit of his argument; 'the attorney's belief must also be in accord with what a reasonable, competent attorney would believe under the circumstances.'" *Cascade Energy & Metals Corp. v. Banks*, 85 F.3d 640, 1996 WL 15549 at *5 (10th Cir. Jan. 17, 1996) (unpublished) (quoting *White v. Gen. Motors Corp*., 908

F.2d 675, 680 (10th Cir. 1990), *cert. denied*, 498 U.S. 1069 (1991)). Sanctions "are not warranted where there is [only] a minor or tangential misrepresentation by a party," or a misrepresentation that the court determines "is an honest mistake." *Bonadeo v. Lujan*, 748 F. Supp. 2d 1268, 1272 (D.N.M. 2009) (citations omitted). Where frivolous legal claims are at issue, courts "routinely direct sanctions … at attorneys rather than clients." *Barrett v. Tallon*, 30 F.3d 1296, 1303 (10th Cir. 1994) (citations omitted).

In the event a court determines that Rule 11 sanctions are appropriate, "the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." *Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1554 (10th Cir. 2004) (quoting Fed. R. Civ. P. 11(c)(2)).[1] "A sanction imposed under [Rule 11] must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

Rule 11 imposes several procedural requirements on a party seeking sanctions. "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). In addition, "[t]he motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." *Id*. This process is known as the "safe harbor" provision, because it permits a would-be Rule 11 violator to withdraw the improper filing and thereby protect itself "from sanctions whenever possible in order to mitigate Rule 11's chilling

---

[1] The quoted language is now contained in Fed. R. Civ. P. 11(c)(4).

4

effects . . . and encourage the withdrawal of papers that violate the rule without involving the district court." *Kazazian v. Emergency Serv. Physicians, P.C.*, 300 F.R.D. 672, 677 (D. Colo. 2014) (quoting *Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006) (brackets omitted)). The Tenth Circuit has instructed that "[s]trict compliance with the requirements of Rule 11 conserves judicial resources and offers the best mechanism to ensure that defendants understand their situation" and take prompt corrective action. *United States v. Edgar*, 348 F.3d 867, 871 n.3 (10th Cir. 2003).

## II.  ARGUMENT AND AUTHORITIES

### A. Plaintiffs' Counsel Violated Rule 11 by Ignoring Controlling Law That Bars Their Constitutional Claims.

A Rule 11 violation occurs, *inter alia*, where it is patently clear that a claim has no chance of surviving a motion to dismiss under existing precedent and where no reasonable argument can be advanced to extend, modify or reverse existing law. *Harrison v. Luse*, 760 F. Supp. 1394, 1399 (D. Colo. 1991). Plaintiffs' counsel assert claims that Judicial Defendants have violated the rights of Darlene Collins, Bail Bond Association, and five individual New Mexico state legislators under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

Those claims all cross the line from merely meritless to frivolous. The Fourth Amendment claim is foreclosed by binding precedent, *see* Motion to Dismiss at 7 [ECF Dkt. #14] (citing *Becker v. Kroll*, 494 F.3d 904, 915 (10th Cir. 2007)), which Plaintiffs' counsel either failed to locate or deliberately ignored. Plaintiffs cannot state a claim for any Fourteenth Amendment violation, since they (1) rely exclusively on conditions of release that were never ordered for Darlene Collins, (2) sue for an injunction and damages under Section 1983, which is not actionable because that relief would necessarily require Collins to prove the invalidity of the conditions of release imposed on her,[2] and (3) fail to show that absolute access to money bail is a "fundamental right," that Collins

---

[2] That is a determination that must be obtained through a habeas petition instead of a Section 1983

or any other Plaintiff is a member of a suspect class, or that Judicial Defendants acted in an arbitrary and capricious manner in promulgating and implementing the 2017 Rules. Finally, Plaintiffs' Eighth Amendment argument would require this Court not only to make new law that has never been established by any federal court before, but also to contradict the United States Supreme Court's holding in *United States v. Salerno*, 481 U.S. 739, 752 (1987) that the United States Constitution does <u>not</u> enshrine any absolute right to bail (let alone money bail purchased from private vendors). *See* Motion to Dismiss at 5-11. Plaintiffs' counsel do not attempt to advance arguments for the modification or reversal of any of the above-cited existing law, but simply pretend it does not exist.

Because Plaintiffs' counsel cannot demonstrate that their constitutional claims are warranted by existing law or a good-faith argument for the extension, modification or reversal of existing law, they have violated Rule 11 in filing their Amended Complaint. "Lawyers have a unique opportunity to counsel restraint or recklessness, to craft imaginative arguments or to press empty challenges to well-settled principles. Because of [the federal courts'] reluctance to constrain the discretion of attorneys in the vigorous advocacy of their clients' interests," sanctions are imposed "only where [counsel] have failed to maintain a minimum standard of professional responsibility. But [the courts] will not overlook such a failure when it occurs." *Lepucki v. Van Wormer*, 765 F.2d 86, 87 (7th Cir. 1985). This lawsuit presents the rare occasion where counsel have departed so significantly from their obligations under Rule 11 that sanctions are required to deter further misconduct on their part.

---

lawsuit. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994); Motion to Dismiss at 8-9.

### B. Plaintiffs' Counsel Violated Rule 11 by Disregarding Bedrock Principles of Immunity in Asserting Claims for Money Damages Against Judicial Defendants.

Among numerous other grounds for dismissal, Judicial Defendants raise sovereign immunity, judicial and quasi-judicial immunity, and legislative immunity. *See* Motion to Dismiss at 22-26. Even if Plaintiffs' counsel never considered or examined the possible application of immunity prior to filing the Amended Complaint, in violation of their duties under Rule 11, they have been on notice of these threshold defenses since August 18, 2017. Yet Plaintiffs' counsel continue to press their groundless claims for money damages, ignoring their "continual obligation … to refrain from pursuing meritless or frivolous claims at any stage of the proceedings." *Merritt v. Int'l Ass'n of Machinists and Aerospace Workers*, 613 F.3d 609, 628 (6th Cir. 2010); *see also Hernandez v. Joliet Police Dep't*, 197 F.3d 256, 264 (7th Cir. 1999) (Rule 11 sanctions proper where defendants confronted plaintiff's counsel with a motion to dismiss and a motion for sanctions raising immunity defenses, but counsel "sat back and improperly waited" instead of withdrawing his frivolous pleading).

Attorneys who ignore well-established immunity doctrines do so at their own peril. *See Bethesda Lutheran Homes and Servs., Inc. v. Born*, 238 F.3d 853, 859 (7th Cir. 2001) (reversing district court's denial of Rule 11 sanctions in a case where "it should have been obvious to any lawyer that relief was barred on multiple grounds, including res judicata, the Eleventh Amendment . . . and qualified immunity."). Courts do not hesitate to impose sanctions where an attorney has decided to disregard black-letter law and simply forge ahead with meritless claims. *See, e.g.*, *Marley v. Wright*, 137 F.R.D. 359, 363-64 (W.D. Okla. 1991), *aff'd*, 968 F.2d 20 (10th Cir. 1992) (unpublished Table decision) (imposing Rule 11 sanctions against attorney for filing claims against state court judges and court staff clearly barred by absolute immunity); *Hernandez*, 197 F.3d at 264-65 (affirming Rule 11 sanctions where plaintiff's attorney overlooked defendant's

"obvious" Eleventh Amendment defense and failed to voluntarily dismiss after it was brought to his attention); *Sveeggen v. United States*, 988 F.2d 829, 830-31 (8th Cir. 1993) (affirming dismissal of suit and award of Rule 11 sanctions because judges have absolute judicial immunity for acts taken in the course of fulfilling their judicial duties); *Bullard v. Downs*, 161 F. App'x. 886, 887 (11th Cir. 2006) (unpublished) (imposing Rule 11 sanctions where judicial immunity clearly applied to bar plaintiffs' claims); *J. Edward Kloian Found. v. Findling*, 2013 WL 6859143 at *8 (E.D. Mich. Dec. 30, 2013) (imposing Rule 11 sanctions on attorney who brought action for constitutional violations against judge in connection with his rulings "despite [that judge] being entitled to absolute judicial immunity"); *Gaboury v. Town of Roxbury*, 1999 WL 244829 at *1 (N.D.N.Y. Apr. 19, 1999) (imposing Rule 11 sanctions where plaintiffs "should have been aware of the fundamental subject matter jurisdiction issues imposed by the Eleventh Amendment, the tenuous relationship between the facts asserted in the Complaint and any alleged constitutional violations on the part of the State Defendants, [and] the lack of factual support for their § 1983 claims"). The same principles apply where the applicable form of immunity is legislative rather than judicial. *See DeSisto College, Inc. v. Line*, 888 F.2d 755, 766 (11th Cir. 1989) (Plaintiffs' counsel properly sanctioned for failing to sufficiently research precedent on legislative immunity and failing to acknowledge that such precedent foreclosed their position).

Demands for money damages against state court justices, judges or court staff based on allegations that they mishandled their official duties may appear from time to time in *pro se* lawsuits. Here, though, Plaintiffs are represented by counsel, which makes their assertion of claims undeniably barred by absolute immunity especially egregious. *See In re West*, 338 B.R. 906, 914 (Bankr. N.D. Okla. 2006) ("Pro se pleadings are … granted a degree of indulgence under Fed. R. Civ. P. 11 not extended to those drafted by attorneys."); *see also Oladiran v. Suntrust Mortg., Inc.*,

2010 WL 728993 at *16 (D. Ariz. Feb. 26, 2010) ("[The attorney being sanctioned] is the only lawyer this court has ever seen file a lawsuit like this one which includes claims which are foreclosed by the doctrine of judicial immunity, such claims being ordinarily seen only in cases filed by inexperienced pro se litigants."). On these grounds alone, Plaintiffs' counsel have violated Rule 11. Sanctions are required to correct their misuse of the federal courts and to deter future misconduct.

> **C. Plaintiffs' Counsel Violated Rule 11 by Either not Researching or Intentionally Ignoring Legal Requirements of Standing.**

As Judicial Defendants point out in their Motion to Dismiss [*see* ECF Dkt. #14 at 14-22] and opposition to Plaintiffs' Corrected Motion for a Preliminary Injunction [*see* ECF Dkt. #15 at 6], none of Plaintiffs have standing to sue. First, the Amended Complaint and Corrected Motion for a Preliminary Injunction are replete with references to the asserted unconstitutionality of home detention and electronic monitoring, but by Plaintiffs' own admission neither of those conditions of release ever were imposed on Plaintiff Darlene Collins. *See* Plaintiffs' Corrected Motion for a Preliminary Injunction, Declaration of Darlene Collins ¶ 5 (stating that Collins "was released on [her] own recognizance with no conditions"). Plaintiffs do not ever take issue with the conditions of release that actually were imposed on Collins, such as the requirements that she "appear at all Court settings" and agree "[n]ot to buy, sell, consume or possess illegal drugs." *See* Judicial Defendants' Response in Opposition to Corrected Motion for Preliminary Injunction, Affidavit of Melissa Garcia, Ex. 1 at 2. Plaintiffs' counsel either have failed to examine the actual conditions of Collins's release and craft their pleadings accordingly, or else are fully aware that Collins cannot serve as an instrumentality for challenging conditions that have never been applied to her but nonetheless use her for that purpose. Either way, Plaintiffs' counsel have failed in their duty to "determine[ ] that any papers filed with the court are well ground in fact, legally tenable, and not

9

interposed for any improper purpose." *Cooter & Gell*, 496 U.S. at 393 (internal citations omitted).

In addition, the legislator Plaintiffs unquestionably lack standing because at most they assert only an institutional injury, which is not legally cognizable in this Circuit. *See* Motion to Dismiss at 21-22. The Tenth Circuit caselaw barring the legislator Plaintiffs' standing is neither equivocal nor difficult to locate, so there is no indication that Plaintiffs' counsel undertook even the most cursory inquiry prior to adding the legislator Plaintiffs to this lawsuit. Similarly, Bail Bond Association of New Mexico advances claims only on behalf of Darlene Collins, rather than any claims arising out of its own purported injuries, and likewise lacks standing to sue for the myriad reasons discussed in Judicial Defendants' Motion to Dismiss (*see* pp. 15-19).

Rule 11 sanctions are appropriate where a plaintiff has no objectively reasonable basis for asserting standing to sue. *See Searcy v. Houston Lighting & Power Co.*, 907 F.2d 562, 565 (5th Cir. 1990) (Rule 11 sanctions proper where the plaintiff lacked standing to sue); *Kunimoto v. Fidell*, 26 F. App'x 630, 631-32 (9th Cir. 2001) (unpublished) (where the plaintiffs failed to offer colorable arguments in support of standing, Rule 11 sanctions properly imposed); *In re Davis*, 158 B.R. 1000, 1003-04 (Bankr. N.D. Ind. 1993) (where party's "lack of standing was pointed out to counsel," counsel violated Rule 11 by pressing ahead with claims anyway). The abject failure by Plaintiffs' counsel to inquire into and determine a reasonable basis for standing prior to filing suit provides independent grounds for the Court to order sanctions pursuant to Rule 11.

**D. This Case Presents Heightened Justifications for the Exercise of This Court's Rule 11 Authority.**

In addition to the usual reasons for imposing Rule 11 sanctions to deter frivolous lawsuits, as set forth above, there are additional justifications particular to this case. First, this case presents another independent ground for sanctions under Rule 11, because the lawsuit is not only frivolous but has been pursued for improper motives – namely to achieve political and public relations goals

in opposition to lawful bail reforms in the State of New Mexico, rather than to advance colorable claims for judicial relief. *See* Exhibit 1 attached (August 10, 2017 letter from Plaintiffs' counsel A. Blair Dunn to New Mexico Legislative Council Service, promoting this lawsuit and making unsolicited offer to appear before Legislature to "answer questions"); *see also* website of USA Bail Reform News, *available at* http://www.usbailreform.com/video-new-mexico-offenders-laugh-dance-court-literally-thanks-nm-bail-reform/ (asserting that "with pending lawsuits now in New Jersey and New Mexico, it's only a matter of time before the roof caves in on bail reform.").

Plaintiffs are, of course, entitled to express their viewpoints in any medium, including their belief that New Mexico's bail reform initiatives are unwise, unfair or dangerous; but they are not entitled to commandeer the federal courts purely to achieve propagandistic objectives, bereft of any bona fide legal claims. *See White*, 908 F.2d at 683 (affirming district court's finding of improper purpose under Rule 11 where the plaintiffs "utilize[d] the media to create adverse publicity" for the defendants, in light of the plaintiffs' "failure to make reasonable inquiry and failure to make claims cognizable under the law"); *see also Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 665–66 (11th Cir. 2010) (holding that improper purpose under Rule 11 may be "inferred from an attorney's filing of factually or legally frivolous claims") (internal citations and quotation marks omitted); *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 807 (5th Cir. 2003) (en banc) (reversing appellate panel and reinstating district court's decision to impose Rule 11 sanctions, in part because "[t]he media event orchestrated by [the plaintiff's attorney] … constitutes objective evidence of his improper purpose" in filing suit, and collecting cases reaching similar conclusion).

Second, Judicial Defendants have not sought Rule 11 sanctions at the outset, as they could have done, but refrained until the time has passed for Plaintiffs' attorneys to receive and consider

11

the law set forth in Judicial Defendants' Rule 12 Motion to Dismiss and to conduct any additional research required to respond to those authorities. Not only have Plaintiffs' counsel not properly examined the law prior to initiating this groundless litigation, they now persist in pursuing it despite demonstrably having full knowledge of its groundlessness. The Rule 11 motion was served on August 30, 2017, giving Plaintiffs' counsel the 21-day safe harbor required by the Rule to withdraw their untenable claims without incurring sanctions, and Judicial Defendants even consented to a ten-day extension of time for Plaintiffs to respond to the Motion to Dismiss that provided them with ample opportunity to conduct any inquiry into the law that they may have ignored or omitted prior to filing suit.

Third, Plaintiffs' lawyers by their record of previous misconduct in federal litigation have demonstrated that they will not be deterred from misusing the federal courts for improper purposes without the imposition of meaningful Rule 11 sanctions. In *State of New Mexico ex rel. Balderas v. Valley Meat Company, LLC*, two of Plaintiffs' counsel represented Valley Meat Company, on whose behalf they removed a nearly two-year-old New Mexico state court lawsuit (which asserted claims exclusively under state law) to federal court, invoking a removal statute applicable only to civil rights violations, 28 U.S.C. § 1443, utterly inapplicable to the claims and defenses in the case. 2015 WL 3544288 at *3 (D.N.M. May 20, 2015). Counsel switched midstream to a fabricated claim of federal-question jurisdiction as grounds for removal. *Id*. at *4. Judge Browning remanded the case, determining that the removal was "objectively unreasonable," *id*. at *1, and failed for so many independent reasons as to "warrant[ ] the imposition of costs and fees," *id*. at *27. In several additional lawsuits, the same two attorneys filed baseless claims in federal court against state agencies and those agencies' attorneys, in a transparent effort to harass and disrupt the public bodies' ability to obtain legal advice from their counsel. In both cases the presiding judges

12

dismissed the baseless claims against the public attorneys out of hand. *See Gerhardt v. Mares*, 179 F. Supp. 3d 1006, 1050 (D.N.M. 2016) (noting that Plaintiffs' counsel "fails to cite any cases … holding an opposing party's counsel liable for any reason" and dismissing claims against a former Assistant Attorney General whom counsel had sued for providing legal representation to a state agency); *Turner v. Middle Rio Grande Conservancy Dist. et al.*, Case No. 1:15-cv-00339-RB-SCY, Mem. Op. and Order at 10 (D.N.M. Jan. 30, 2017) [ECF Dkt. #111] (finding that "[t]he conduct of Defendant Smith that Plaintiff calls into question is precisely the type of conduct covered by prosecutorial immunity. Indeed, the Amended Complaint contains no factual allegation of any conduct by Defendant Smith outside of her role as an Assistant Attorney General.").

These additional considerations reaffirm the propriety of sanctions, in addition to providing their own independent bases for the application of Rule 11.

## IV. PRAYER FOR RELIEF

For the foregoing reasons, Judicial Defendants respectfully request that the Court enter an order imposing sanctions against Plaintiffs' counsel pursuant to Federal Rule of Civil Procedure 11 for filing and pursuing this frivolous cause.

Respectfully Submitted,
HECTOR H. BALDERAS
New Mexico Attorney General

By: */s/ Ari Biernoff*

Ari Biernoff
Assistant Attorney General
Post Office Drawer 1508
Santa Fe, NM 87504-1508
(505) 490-4058 telephone
(505) 490-4881 facsimile
abiernoff@nmag.gov

*Counsel for New Mexico Judicial Defendants*

## **CERTIFICATE OF SERVICE**

I certify that I served the foregoing *Motion for Sanctions* on August 30, 2017 on counsel for Plaintiffs via electronic mail and overnight mail.

I further certify that I filed the foregoing *Motion* on September 22, 2017 using the ECF system, which will send notification to all counsel of record.

*/s/ Ari Biernoff*



A. BLAIR DUNN, ESQ.*  **DORI E. RICHARDS, ESQ.

**WARBA, LLP**  Exhibit 1

WESTERN AGRICULTURE, RESOURCE AND BUSINESS ADVOCATES, LLP
400 GOLD AVE SW, SUITE 1000 ALBUQUERQUE, NM 87102
T: 505-750-3060 F: 505-226-8500

LICENSED IN NM AND SD*  **LICENSED IN AZ AND CO

August 10, 2017

*VIA EMAIL*
Ms. Monica C. Ewing
Courts, Corrections & Justice Committee
New Mexico Legislative Council Services
411 State Capitol
Santa Fe, NM 87501-2780

RE: *Supreme Court Justice Charles Daniels Correspondence dated August 4, 2017*

Dear Ms. Ewing:

It is with considerable concern and regret that this letter is addressed to the committee in regard to the letter transmitted on New Mexico Supreme Court letterhead by Justice Daniels and dated August 4, 2017. As Justice Daniels is currently sitting on the bench as an associate justice, our initial concern is the propriety of any communication to the Legislature under the Supreme Court's rules, even more so that he appears in his letter to espouse his personal viewpoints as being those of the Court, though it does not appear that his letter was appropriately the opinion of the Supreme Court. Regardless we feel it is appropriate to address this committee to correct some misleading statements made by Justice Daniels and to draw attention to citizens' concerns that he does not address or concerns we believe are valid for the New Mexico Legislature to be aware of.

First, we feel the most glaring misstatement by Justice Daniels requires explanation. Justice Daniels states that he and the other justices are liable for personal damages. As Justice Daniels is clearly aware from his career before sitting on the Supreme Court, in a civil rights lawsuit, under the Civil Rights Act of 1871 (42 USC §1983), a state official is sued in their individual or personal capacity acting under the color of law for violating a United States' citizen's constitutional rights. 42 USC §1983 is abundantly clear in this regard when it states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress

As found in virtually every other civil rights lawsuit, when the Justices, the Judges and the County took legal actions under the color of law, they bound the State of New Mexico to indemnify them any damages their unconstitutional actions may have caused, thus they are not actually *personally* liable for

the damages. Though this is well understood in the legal community, we have sought to amend the complaint to make it even more explicit to alleviate Justice Daniels confusion in this regard. I have also attached a copy of the 2nd Amended Complaint for the Committee's information to this letter.

The second point of concern is the confusion that Justice Daniels' letter creates with regard to the constitutional amendment recently adopted by the voters. Our lawsuit, and to our knowledge the members of this committee participating in the lawsuit, has no quarrel with the amendment resolved by the Legislature and ratified by the voters. The issue of the lawsuit, in regard to the Supreme Court, is the new law that they promulgated in the form of rules following the adoption of the amendment. This first instance of concern in the matter of the new rules, that is particularly important to this Committee and to the Legislature, is that when it comes to matters of the reform of public policy our New Mexico Constitution vests in the Legislature the authority to pass laws to protect the public's peace. Our New Mexico Constitution also prohibits the invasion of that province of the Legislature by either the Executive or Judicial Branches, which in our opinion has been violated by the new rules implemented by the Supreme Court on pre-trial release as an act of law-making. The second instance of concern, in regard to the new rules, is they violate our United States Constitution's 4th, 8th, and 14th Amendments. The tone with which Justice Daniels' addressed the lawsuit in both his letter to you and his comments to the media shows a regrettable lack of concern for our citizen's constitutional rights.

As this lawsuit progresses we would be happy to oblige any request from the Legislature or this Committee for information or to appear to answer any questions you as our lawmakers may have on this important matter of public policy for New Mexico.

          Best Regards,

          A. Blair Dunn, Esq.

Cc: Attorney General Hector Balderas
     Clients