UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DARLENE COLLINS, individually and
on behalf of all others similarly situated, et al.,

**EXHIBIT A**

Plaintiffs,

v.                                                                              1:17-cv-0076-RJ-KK

CHARLES DANIELS, individually and
in his official capacity, et al.,

Defendants.

## DECLARATION OF A. BLAIR DUNN

1. I received a Juris Doctorate degree from University of New Mexico School of Law in 2007, with a focus on environmental and land issues.

2. I was admitted to practice in New Mexico in spring of 2008 and in South Dakota in Spring of 2013. I have also been admitted to, and practice in the United States District Courts for the Districts of New Mexico, Western District of Texas, Northern District of Texas and the United States Court of Federal Claims. I am additionally licensed to practice in the United States Court of Appeals for the Federal Circuit, the Fifth Circuit, the Tenth Circuit and the United States Supreme Court.

3. I have been Chief Legal Counsel for a water rights brokerage firm and General Counsel for the State of South Dakota Department of Agriculture.

4. Since 2014, I have been a managing partner in Western Agriculture, Resources and Business Advocates, LLP (WARBA, LLP). My practice consists of offensive litigation in numerous federal and state courts involving complex environmental matters, Federal and state land use proceedings, water rights, agricultural and ranching industries, and constitutional challenges

involving federal, state and local government action.

5. WARBA, LLP represents clients and entities with land use cases and concerns germane to the subject matter of this proceeding. Such representation includes cases wherein federal and state entities have infringed upon land use rights of private individuals, agricultural and ranching corporations and/or when such regulatory action has impacted state and local governments. This representation has included proceedings on behalf of the Colorado Farm Bureau, Utah Farm Bureau Federation, New Mexico Farm and Livestock Bureau and Landowners United.

6. Additionally, my practice for almost all of the last 10 years has consisted in large part of cases of government accountability through transparency. I have previously sued the Second Judicial District Court Defendants and the counsel for the Judicial Defendants, the Attorney General, for violations of public record laws and recently received the Dixon First Amendment Award for my work as an attorney from the New Mexico Foundation for Open Government.

7. In the instant lawsuit, my law partner and I undertook extensive research over more than 2 weeks prior to filing the lawsuit. We were aware of and extremely familiar with judicial immunity, qualified immunity and legislative immunity. Our lawsuit was carefully crafted with the understanding of these immunities and the existing precedent. For example, we understood that the action of the NM Supreme Court to pass legislation to reform bail bonding was done through their rule-making and was not part of a judicial determination. Additionally, we reviewed and agree the controlling authority with regard to the courts enjoying legislative authority is the *Supreme Court of Virginia v. Consumers Union of U.S., Inc.*, 466 U.S. 719 (1980) case, but because the New Mexico Legislature has passed law concerning bail, NMSA 1978 § 31-3-1 *et*

*seq.*, and therefore occupied the legislative space under *Supreme Court of Virginia*, that there is a good faith basis for denying the Judicial Defendants' legislative immunity for their actions. Finally with regard to the issues surrounding *Salerno* and the Eighth Amendment, we believe that there is a good faith basis for interpretation that *Salerno* only speaks to an <u>absolute</u> right to bail and does not address or modify that the Eighth Amendment provides an inherent fundamental right to bail for all bailable offenses in order to preserve a defendant's pretrial liberty. Our brief and our research was borrowed heavily from highly respected former U.S. Solicitor General Paul Clement's briefing in the *Holland* case in New Jersey, which led us to feel comfortable in believing that our own legal analysis was on sound footing.

8. I believe with sound basis the actions of the Judicial Defendants and the Attorney General to be politically and personally motivated. At the time of the serving of the Rule 11 Motion it was widely circulated that I was being recruited to be the Republican nominee for the 2018 election of the New Mexico Attorney General and that previously in the year I had received substantial consideration for nomination for the US Attorney for the District of New Mexico. The actions of the Attorney General appear to be at least partially politically motivated. Counsel for Judicial Defendants, Mr. Ari Biernoff, has also become personally fixated on me. He is known to collude with my ex-wife's father about me, *see* Exhibit A to this Declaration, and consistently appears in nearly all cases that myself or my firm is working that involve the State of New Mexico. His behavior is consistently hostile and obstreperous, which is likely derived from a personal issue going back to the defeat of the State of New Mexico in the horse processing case of *FRER et al v Vilsack et al.* in which Mr. Biernoff was opposing counsel. The personal hostility of Mr. Biernoff is displayed in his Rule 11 motion, wherein he failed to fully apprise the Court of the findings and circumstances in the irrelevant 3 cases he cites in an effort to engender the animus of this Court.

In neither of those 3 cases did any federal judge find that our client's claims were frivolous, nor did any judge award section 1929 sanctions even though in one of the cases Mr. Biernoff specifically sought sanctions. Additionally, we only engaged in the political process after Justice Daniels first sent a letter to the Court and Corrections Committee of the Legislature, of which some of the members are Plaintiffs in this lawsuit, degrading the lawsuit. *See* Exhibit B to this declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, based on my own personal knowledge and experience.

Executed this 17th day of October, 2017, in Albuquerque, NM.

A. Blair Dunn



Biernoff, Ari <abiernoff@nmag.gov>

## Dunn v Dunn Motion to Quash Subpoena-District Court Clerk

**Tandy Hunt** <tandy@thlaw.org>    Thu, Mar 9, 2017 at 8:19 AM
To: "abiernoff@nmag.gov" <abiernoff@nmag.gov>
Cc: Dean Border <dean@borderlawoffice.com>

In behalf of Lela Hunt fka Lela Dunn, we consent to your motion and you may note approval on an order. Mr. Blair Dunn comes from a banking(and now Land Office) family who are sensitive to money issues. Is there a chance you can recover attorneys fees? That might slow him down on more harassment activities. Best wishes, Tandy Hunt for Lela.

Tandy Hunt

Tandy Hunt PC

116 E. Country Club Road

Roswell, New Mexico

575 622 1776

NOTICE: This message is intended only for the use of the individual or entity to which it is addressed and may contain information which is privileged, confidential and otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this message in error, or are not the intended recipient, please immediately contact Tandy Hunt at the address or phone number listed above and destroy the message and all copies immediately.

# EXHIBIT A



Biernoff, Ari <abiernoff@nmag.gov>

# Blair Dunn

**Tandy Hunt** <tandy@thlaw.org>  　　　　　　　　　　　　　　　　　　　　Fri, Mar 10, 2017 at 11:00 AM
To: "abiernoff@nmag.gov" <abiernoff@nmag.gov>

I have tried returning your phone call without success. I hope Mr. Dunn requires you to attend a hearing as the Judge is new to the case. Judge Bacon probably is unaware of his belligerent/contentious personality. I understand Dunn plans to appeal the case involving the Guardian Ad Litem. His conduct has resulted in Cathy Brandt retiring. I wish it were the other way around as she was a strong advocate for children. Mr. Dunn should return to being a fire-fighter, not a lawyer.

Best wishes-Tandy Hunt

Tandy Hunt

Tandy Hunt PC

116 E. Country Club Road

Roswell, New Mexico

575 622 1776

NOTICE: This message is intended only for the use of the individual or entity to which it is addressed and may contain information which is privileged, confidential and otherwise exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this message in error, or are not the intended recipient, please immediately contact Tandy Hunt at the address or phone number listed above and destroy the message and all copies immediately.



# Supreme Court of New Mexico

CHIEF JUSTICE
  JUDITH K. NAKAMURA
JUSTICES
  PETRA JIMENEZ MAES
  EDWARD L. CHÁVEZ
  CHARLES W. DANIELS
  BARBARA J. VIGIL

P.O. BOX 848
SANTA FE, NEW MEXICO
87504-0848

CHIEF CLERK
JOEY D. MOYA, ESQ.
(505) 827-4860  FAX (505) 827-4837

August 4, 2017

Ms. Monica C. Ewing
Courts, Corrections & Justice Committee
New Mexico Legislative Council Service
411 State Capitol
Santa Fe, NM 87501-2780

Dear Ms. Ewing:

    In our discussion on Tuesday of last week I agreed to appear before the Courts, Corrections & Justice Committee to report on the progress of bail reforms in New Mexico, including the court rules that went into effect July 1, 2017, to implement the new constitutional requirements approved by a significant majority of legislators in SJR 1 during the 2016 regular session and enacted by 87% of voters in the 2016 general election.

    Two days after we spoke last week, the commercial bail bond industry filed a federal lawsuit against me and all other Justices, not only challenging enforcement of our court rules and the underlying constitutional amendment that made them necessary but also seeking monetary damages from each of us personally. We begin meeting today with the Attorney General and the Risk Management Division to work on the defense of the suit and any required affirmative responses.

    Although the Legislature as a body did not authorize or join in the bondsmen's suit, several of the minority of legislators who had earlier joined the bondsmen in opposing SJR 1, including two members of the CCJ committee, joined as plaintiffs in all claims in the suit and in its request for personal damages from me and the other Justices. To complicate the matter even further, yesterday all plaintiffs filed an amended lawsuit, expanding the allegations against the Justices but also adding as official and personal defendants the chief judges of the Second Judicial District and Metropolitan Court and their court executive officers, along with the county manager of Bernalillo County.

# **EXHIBIT B**



Because the subject matter of my CCJ testimony inevitably must involve the subject matter underlying the pending lawsuit and whatever merit its allegations may or may not have, it would be improper for me to engage in any dialogue about the issues with or in the presence of the two legislator-plaintiffs, who are represented in the pending lawsuit by the lawyers hired by the bondsmen. I therefore cannot attend the CCJ hearing.

Once the pending suit is terminated, which should occur within a few months, I will be glad to accept the committee's invitation to testify, as I have always been happy to do in the past.

Regretfully yours,

Charles W. Daniels