# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | § | |
|---|---|---|
| DARLENE COLLINS, *et al.*, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | No. 1:17-CV-00776-RJ |
| | § | |
| CHARLES W. DANIELS,[1] *et al.*, | § | |
| *Defendants.* | § | |

## ORDER GRANTING JUDICIAL DEFENDANTS' RULE 11 MOTION FOR SANCTIONS

BEFORE THE COURT is Defendants Charles W. Daniels, Edward L. Chavez, Petra Jimenez Maez, Barbara J. Vigil, Judith K. Nakamura, the New Mexico Supreme Court, Nan Nash, James Noel, the Second Judicial District Court, Henry A. Alaniz, Robert L. Padilla, and Bernalillo County Metropolitan Court's (collectively, "Judicial Defendants") Motion for Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure against Plaintiffs Darlene Collins, Bail Bond Association of New Mexico, Richard Martinez, Bill Sharer, Craig Brandt, and Carl Trujillo's (collectively, "Plaintiffs"). (Doc. 33). After due consideration, Judicial Defendants' Rule 11 Motion for Sanctions shall be **GRANTED**.

## I. BACKGROUND

This dispute centers on the constitutionality of the New Mexico Supreme Court Rules regarding pretrial release and detention in criminal proceedings adopted pursuant to Supreme Court Order No. 17-8300-005 effective on July 1, 2017 ("2017 Rules"). Plaintiffs are the Bail Bond Association of New Mexico, three New Mexico Senators, one member of the New Mexico House of Representatives, and Darlene Collins, a criminal defendant who has been charged in New Mexico state court with aggravated assault, a fourth-degree felony, and released on nonmonetary conditions pending trial after her first appearance before a Bernalillo County Metropolitan Court judge. (Doc. 56 at ¶ 18). Defendants are the New Mexico Supreme Court and all of its Justices, the Second

---
[1] Plaintiffs incorrectly identify Justice Charles Daniels of the New Mexico Supreme Court as "Charles W. Daniel" in the caption of their Complaint. (Doc. 56 at 1).

Judicial District Court and its Chief Judge and Court Executive Officer, the Bernalillo County Metropolitan Court and its former Chief Judge and Court Executive Officer, and the Board of County Commissioners of the County of Bernalillo.[2] (*Id.*).

Plaintiffs allege that in promulgating the 2017 Rules, the New Mexico Supreme Court violated the Eighth Amendment's guarantee against excessive bail, Fourth Amendment protections against unreasonable searches and seizures, and the Due Process Clause of the Fourteenth Amendment. (*Id.* at ¶¶ 119–29, 131–47, 149–61). In addition, Plaintiffs assert that the implementation of a pretrial release risk assessment tool in Bernalillo County which was authorized by the New Mexico Supreme Court violates the Eighth Amendment by prioritizing nonmonetary conditions of release. (*Id.* at ¶ 126). Plaintiffs ask the Court to declare the 2017 Rules unconstitutional and enjoin enforcement of the 2017 Rules, to award Plaintiffs monetary damages against all Defendants individually pursuant to 42 U.S.C. § 1983, along with attorney's fees under 42 U.S.C. § 1988, and to certify this lawsuit as a class action on behalf of "[a]ll New Mexico criminal defendants who are or will be subject to the liberty-restricting conditions of pre-trial release permitted by the [2017] Rules. . . without having the opportunity to be considered for release on secured bond." (*Id.* at ¶ 86).

On August 18, 2017, Judicial Defendants (all defendants except Bernalillo County) filed their Rule 12 Motion to Dismiss. (Doc. 14). On August 28, 2017, Bernalillo County adopted the Motion to Dismiss filed by the New Mexico Judicial Defendants. (Docs. 18, 59). On September 19, 2017, Plaintiffs filed their Opposed Motion to Amend Complaint. (Doc. 31). On December 11, 2017, this Court granted Defendants' Motions to Dismiss and denied Plaintiffs' Motion to Amend. (Doc. 67).

Specifically, the Court found that Plaintiffs Bail Bond Association of New Mexico, Senator Richard Martinez, Senator Bill Sharer, Senator Craig Brandt, and Representative Carl Trujillo lacked

---

[2] The Court previously granted Defendant Julie Morgas Baca's Rule 12(b)(6) Motion to Dismiss (Doc. 54) on October 25, 2017, and ordered Plaintiffs to properly name the Board of County Commissioners of the County of Bernalillo as a Defendant in this case (Doc. 53).

2

standing and dismissed their claims against Defendants with prejudice for lack of subject matter jurisdiction. (*Id.*). Further, the Court found that Plaintiff Darlene Collins failed to state a claim under the Fourth, Eighth, and Fourteenth Amendments and dismissed Plaintiff Collins's claims against Defendants with prejudice. (*Id.*). In addition, the Court found that Judicial Defendants are immune from suit. (*Id.*). Finally, the Court denied Plaintiffs' Motion to Amend as futile. (*Id.*).

On September 22, 2017, Judicial Defendants filed their Motion for Sanctions under Rule 11. (Doc. 33). On October 17, 2017, Plaintiffs filed their Response to the Motion for Sanctions. (Doc. 45). On October 31, 2017, Judicial Defendants filed their Reply in support of the Motion for Sanctions. (Doc. 58). The Court heard oral argument at a hearing held on November 27, 2017. This matter is now ready for disposition.

## II.   LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 11(a), "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Rule 11(b) of the Federal Rules of Civil Procedure provides in relevant part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances:
> (1) is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b). "[T]he award of Rule 11 sanctions involves two steps." *Adamson v. Bowen*, 855 F.2d 668, 672 (10th Cir. 1988). First, the Court must find that a pleading violates Rule 11, which "typically involves subsidiary findings, such as the current state of the law or the parties' and

attorneys' behavior and motives within the context of the entire litigation." *Id.* Second, the Court imposes an "appropriate sanction." *Id.*

"The standard by which courts evaluate the conduct of litigation is objective reasonableness—whether a reasonable attorney admitted to practice before the district court would file such a document." *Id.* Accordingly, "[i]f, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law, then such conduct is sanctionable under Rule 11." *Id.* (citation omitted). The language of Rule 11 "stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule." Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendment). In determining whether the signer's conduct is reasonable, "the court is expected to avoid using the wisdom of hindsight" and inquire only as to "what was reasonable to believe at the time the pleading, motion, or other paper was submitted." *Id.*

"The court has available a variety of possible sanctions to impose for violations, such as striking the offending paper; issuing an admonition, reprimand, or censure; requiring participation in seminars or other educational programs; ordering a fine payable to the court; referring the matter to disciplinary authorities." *Id.* The Court may consider the following factors: (1) whether the improper conduct was willful, or negligent; (2) whether it was part of a pattern of activity, or an isolated event; (3) whether it infected the entire pleading, or only one particular count or defense; (4) whether the person has engaged in similar conduct in other litigation; (5) whether it was intended to injure; (6) what effect it had on the litigation process in time or expense; (7) whether the responsible person is trained in the law; (8) what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; and (9) what amount is needed to deter similar activity by other litigants. *Id.* The Court has discretion to determine what sanctions, if any, should be imposed for a violation, but "sanctions should not be

4

more severe than reasonably necessary to deter repetition of the conduct by the offending person or comparable conduct by similarly situated persons." *Id.*

### III. DISCUSSION

Judicial Defendants move the Court to impose sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure because "Plaintiffs' attorneys ignore and actively misrepresent controlling law in their Amended Complaint and other pleadings, and they have filed this federal lawsuit against Judicial Defendants not with any colorable prospect of obtaining a ruling in their favor, but for the improper purpose of advancing a local and national public relations campaign on behalf of the money bail industry against bail reforms in New Mexico and throughout the United States." (Doc. 33 at 2). Judicial Defendants contend that "[a]ny minimally qualified attorney conducting the most rudimentary research would have to be aware that Plaintiffs' claims under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution are both utterly unsupported and filed in direct contravention of governing law." (*Id.*). Further, Judicial Defendants assert that "any minimally qualified attorney would have to be aware that there is no legal basis for Plaintiffs' claims for money damages against any of the Judicial Defendants." (*Id.*).

Judicial Defendants' Motion for Sanctions was served on August 30, 2017, giving Plaintiffs' counsel the 21-day safe harbor required by Rule 11 to withdraw any untenable claims without incurring sanctions. In addition, Judicial Defendants consented to a 10-day extension of time for Plaintiffs to respond to the Motion to Dismiss, allowing them ample time to conduct any inquiry into the law that they may have omitted prior to filing suit. Yet, Plaintiffs did not voluntarily dismiss any parties or claims. Instead, Plaintiffs filed a Motion to Amend Complaint seeking to add additional parties and claims, which this Court subsequently denied as futile.

### A. Constitutional Claims

First, Judicial Defendants contend that Plaintiffs' counsel violated Rule 11 by ignoring controlling law that bars their constitutional claims. In their Complaint, Plaintiffs allege that Judicial

5

Defendants violated the rights of Plaintiffs under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. In its Order Granting Defendants' Motion to Dismiss, this Court found that "there is no provision in the 1972 Rules, or any other source of law, guaranteeing the option of money bail to criminal defendants in New Mexico." (Doc. 67 at 23). As a result, the Court determined that Plaintiffs failed to state a claim for any violation of the Eighth Amendment.

In addition, the Court held that "[s]ince Collins had a pretrial detention hearing on July 5, 2017, with the opportunity to afford herself all of the protections under New Mexico law and the Constitution, and Collins consented on the record to the nonmonetary conditions in exchange for her release from jail, the Court finds that Plaintiffs fail to state a claim for any violation of procedural due process." (*Id.* at 25). In addition, the Court determined that "the fact that Collins was released on her own recognizance with minimal conditions does not shock the Court's conscience, nor does the absence of a monetary bail option in lieu of, or in addition to, any potential restrictions that are aimed at deterring dangerousness." (*Id.* at 26). Because "Collins failed to challenge any nonmonetary conditions of release when she had the opportunity to do so at her pretrial detention hearing" and "Plaintiffs present no grounds for finding that a criminal defendant's option to obtain monetary bail is a fundamental right or implicit in the concept of ordered liberty," the Court concluded that "Plaintiffs fail to state a claim for any violation of substantive due process." (*Id.* at 27).

The Court also found that "the pretrial conditions imposed on Collins" were not unreasonable considering that "Collins has not been subjected to any severe restrictions of her liberty as a result of the 2017 Rules" and "Collins was released on her own recognizance with minimal conditions." (*Id.* at 28). In addition, the Court noted that the United States Court of Appeals for the Tenth Circuit "has expressly declined to adopt a 'continuing seizure' analysis that would deem pretrial release conditions a 'seizure' under the Fourth Amendment." (*Id.*). As a result, the Court determined that "Plaintiffs fail to state a claim for any violation of the Fourth Amendment." (*Id.* at 29).

Moreover, the Court found Plaintiffs' claims that Judicial Defendants modified statutory law without legislative authority to be meritless since the "New Mexico Legislature has long recognized the New Mexico Supreme Court's rule-making authority, which encompasses the authority to promulgate rules of criminal procedure." (*Id.* at 30). The Court also determined "Plaintiffs fail to state a claim that the Public Safety Assessment Tool in Bernalillo County is unconstitutional" because the Public Safety Assessment Tool "does not displace the discretion of judges." (*Id.* at 31). Lastly, the Court concluded that "Plaintiffs fail to state a claim for money damages" since "Plaintiffs cannot state a claim for any violation of Collins's Eighth, Fourth, or Fourteenth Amendment rights." (*Id.*).

Although Plaintiffs fail to state a claim for any constitutional violation, the Court is of the opinion that Plaintiffs' constitutional claims are not frivolous. The Court finds that Plaintiffs bring their constitutional claims seeking to change or clarify the law regarding monetary bail. While the Court disagrees with Plaintiffs' interpretation of the cases relied upon, their interpretation is not untenable as a matter of law as to necessitate sanctions. Because there is some legal basis for Plaintiffs' constitutional claims, the Court finds no violation of Rule 11.

**B.     Standing**

Judicial Defendants argue that Plaintiffs' counsel violated Rule 11 by either not researching or intentionally ignoring legal requirements of standing. (Doc. 33 at 9). In its Order Granting Defendants' Motions to Dismiss, the Court found that the Bail Bond Association of New Mexico did not have first-party standing because it was not asserting its own constitutional rights. (Doc. 67 at 15). In addition, the Court found that the Bail Bond Association of New Mexico lacked third-party standing because criminal defendants faced no obstacles or hindrances in asserting claims that their constitutional rights were violated. (*Id.* at 16).

Likewise, the Court found that the New Mexico State Legislators lacked standing because "a single legislator, acting individually, does not have standing to prosecute an injury to the entire

7

legislature." (*Id.* at 18). Accordingly, the Court dismissed the Bail Bond Association of New Mexico and the legislator Plaintiffs' claims against Defendants. However, the Court found that Plaintiff Darlene Collins has standing to challenge the constitutionality of her arraignment hearing under the Fourth, Eighth, and Fourteenth Amendments.

While Plaintiff Collins has standing to assert that she was injured by the holding of a hearing that allegedly did not afford her constitutional rights, the legislator Plaintiffs unquestionably lack standing because they assert only an institutional injury. Moreover, there is no basis for the Bail Bond Association of New Mexico to assert the rights of a criminal defendant who is fully capable of asserting her own rights, and is in fact, a named party in this lawsuit. As a result, Rule 11 sanctions are appropriate because the legislator Plaintiffs and the Bail Bond Association of New Mexico have no objectively reasonable basis for asserting standing to sue. *Searcy v. Hous. Lighting & Power Co.*, 907 F.2d 562, 565 (5th Cir. 1990) (finding that Rule 11 sanctions were proper where the plaintiff lacked standing to sue); *Kunimoto v. Fidell*, 26 F. App'x 630, 631–32 (9th Cir. 2001) (unpublished) (determining that Rule 11 sanctions were properly imposed where the plaintiffs failed to offer colorable arguments in support of standing).

The failure of Plaintiffs' counsel to identify a reasonable basis for standing of the legislator Plaintiffs and the Bail Bond Association of New Mexico prior to filing suit justifies the imposition of sanctions pursuant to Rule 11. Further, the Court finds that Plaintiffs' counsel added the legislator Plaintiffs and the Bail Bond Association of New Mexico as parties to this case for in improper purpose—namely, for political reasons to express their opposition to lawful bail reforms in the State of New Mexico rather than to advance colorable claims for judicial relief. (Doc. 33 at 15–16) (letter from Plaintiffs' counsel dated August 10, 2017, to New Mexico Legislative Council Service promoting this lawsuit and making unsolicited offer to appear before the New Mexico Legislature to "answer questions"). While Plaintiffs' counsel is entitled to express opinions regarding bail reform in New Mexico, Plaintiffs are not entitled to file claims in a federal court without standing solely to

8

achieve political objectives. *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 665–66 (11th Cir. 2010) (holding that improper purpose under Rule 11 may be "inferred from an attorney's filing of factually or legally frivolous claims") (internal citations and quotation marks omitted).

### C.     Immunity and Money Damages Against Judicial Defendants

In the present case, Plaintiffs not only seek prospective relief in the form of an injunction, but they bring claims for money damages against Judicial Defendants in their official and individual capacities. The Court finds Plaintiffs' claims for money damages against Judicial Defendants to be groundless. Plaintiffs' counsel has a continual obligation "to refrain from pursuing meritless or frivolous claims at any stage of the proceeding." *Merritt v. Int'l Ass'n of Machinists and Aerospace Workers*, 613 F.3d 609, 628 (6th Cir. 2010). At oral argument on the Motion for Sanctions, Plaintiffs' counsel argued that they should not be penalized for pursuing money damages as a form of relief. However, the Court finds that Rule 11 sanctions are proper since Plaintiffs' counsel was presented with a motion to dismiss and motion for sanctions raising immunity defenses to Plaintiffs' claim for money damages and Plaintiffs' counsel refused to withdraw these frivolous claims. *Hernandez v. Joliet Police Dep't*, 197 F.3d 256, 264 (7th Cir. 1999).

As explained in the Court's Order Granting Defendants' Motion to Dismiss, the "New Mexico Supreme Court is a component part of the State of New Mexico, and therefore immunized from any suit for damages." (Doc. 67 at 32). In addition, the Court explained that "State officials and employees, like the judges and court administrators sued here," are likewise provided immunity as "an arm of the state." (*Id.*). The Court concluded that "[b]ecause Plaintiffs' claims for damages against [the Judicial Defendants] are barred by sovereign immunity, Plaintiffs fail to state a claim for 'damages to compensate for the injuries they have suffered as a result of Defendants' unconstitutional conduct.'" (*Id.* at 33).

If Plaintiffs' counsel had performed a reasonable inquiry into Judicial Defendants' immunity defenses, they would have discovered that state officials, such as Judicial Defendants, sued in their

9

official capacities are immune from suit under the Eleventh Amendment. *See Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002). The law is clear that the Eleventh Amendment bars Plaintiffs' monetary damages claims against Judicial Defendants in their official capacities. Therefore, Plaintiffs' counsel should have limited their claims against Judicial Defendants in their official capacities to equitable claims that are not subject to the Eleventh Amendment bar. *See Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002).

Under *Ex parte Young*, 209 U.S. 123 (1908) "a federal court, consistent with the Eleventh Amendment, may enjoin state officials to conform their future conduct to the requirements of federal law." *Quern v. Jordan*, 440 U.S. 332, 337 (1979). As explained in the Court's Order Granting Motions to Dismiss, Plaintiffs fail to state a claim for an ongoing violation of federal law under the Fourth Amendment, Eighth Amendment, or Fourteenth Amendment. (Doc. 67 at 33). Therefore, the *Ex parte Young* exception to Eleventh Amendment immunity does not apply and Plaintiffs fail to state official-capacity claims against Judicial Defendants.

Furthermore, the Complaint alleges wrongdoing by the New Mexico Supreme Court Justices in their rule-making capacity. (Doc. 56 ¶ 9). As a result, legislative immunity protects the state court justices from suit. (Doc. 67 at 35). In addition, Plaintiffs sue the Second Judicial District Court, Bernalillo County Metropolitan Court and those courts' chief judges and court executive officers on the basis that they "adopted and implemented the Public Safety Assessment court-based pretrial risk assessment tool." (Doc. 56 ¶ 5). This Court ruled that Judge Nash and Judge Alaniz are protected by judicial immunity in connection with their implementation of the 2017 Rules. Similarly, Mr. Noel and Mr. Padilla "are likewise protected by quasi-judicial immunity." (Doc. 67 at 35). Plaintiffs sued the court staff defendants only because they implemented court rules and orders, and thus, they are protected from suit. (*Id.*). Accordingly, this Court held that "Plaintiffs fail to state individual-capacity claims against the Judicial Defendants." (*Id.*).

In sum, the Court finds that Plaintiffs' claims for money damages against Judicial Defendants are frivolous because Judicial Defendants are protected by well-established immunity doctrines. *Bethesda Lutheran Homes and Servs., Inc. v. Born*, 238 F.3d 853, 859 (7th Cir. 2001) (reversing district court's denial of Rule 11 sanctions in a case where "it should have been obvious to any lawyer that relief was barred on multiple grounds, including. . . the Eleventh Amendment. . . and qualified immunity."). Judicial Defendants made Plaintiffs aware of the law regarding their claims for money damages; yet, Plaintiffs' counsel forged ahead with these groundless claims. As a result, Rule 11 sanctions are appropriate. *Marley v. Wright*, 137 F.R.D. 359, 363–64 (W.D. Okla. 1991), *aff'd*, 968 F.2d 20 (10th Cir. 1992) (imposing Rule 11 sanctions against attorney for filing claims against state court judges and court staff clearly barred by absolute immunity); *Hernandez*, 197 F.3d at 264–65 (affirming Rule 11 sanctions where plaintiff's attorney overlooked defendant's "obvious" Eleventh Amendment defense and failed to voluntarily dismiss after it was brought to his attention); *Sveeggen v. United States*, 988 F.2d 829, 830–31 (8th Cir. 1993) (affirming dismissal of suit and award of Rule 11 sanctions because judges have absolute judicial immunity for acts taken in the course of fulfilling their judicial duties); *Bullard v. Downs*, 161 F. App'x. 886, 887 (11th Cir. 2006) (unpublished) (imposing Rule 11 sanctions where judicial immunity clearly applied to bar plaintiffs' claims); *DeSisto College, Inc. v. Line*, 888 F.2d 755, 766 (11th Cir. 1989) (determining that Plaintiffs' counsel was properly sanctioned for failing to sufficiently research precedent on legislative immunity and failing to acknowledge that such precedent foreclosed their position).

In conclusion, Plaintiffs' claims for money damages against Judicial Defendants are not supported by existing law and Plaintiffs do not make any argument "for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Therefore, the Court finds that Plaintiffs' counsel violated Rule 11 and is subject to sanctions because they either failed to make a reasonable inquiry into or disregarded the relevant law.

## D. Sanctions for Violation of Rule 11

The Court has considered the relevant factors set forth in the Advisory Committee Notes to the 1993 Amendment to Rule 11. First, the Court finds that the conduct of Plaintiffs' counsel was willful in failing to make a reasonable inquiry into any legal basis to assert (1) standing of the legislator Plaintiffs and the Bail Bond Association of New Mexico, and (2) claims for monetary damages against Judicial Defendants in the face of their immunity defenses. Second, the conduct of Plaintiffs' counsel infected the entire pleading because the claims of the legislator Plaintiffs and the Bail Bond Association of New Mexico are intertwined with and dependent upon the claims of the only plaintiff with standing, Darlene Collins. In addition, Plaintiffs' counsel sought money damages against Judicial Defendants in their individual and official capacities for each alleged constitutional violation asserted. Third, the conduct of Plaintiffs' counsel substantially increased the time and expense of the litigation because Judicial Defendants were required to raise their immunity defenses to every claim (including Plaintiffs' frivolous claims for money damages) made by each Plaintiff (including those without standing). Fourth, Plaintiffs' counsel is trained in the law.

"A pleading containing both frivolous and nonfrivolous claims may violate Rule 11." *Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am.*, 935 F.2d 1152, 1158 (10th Cir. 1991). Even though the Court concludes that Plaintiff Darlene Collins's constitutional claims were not frivolous, sanctions remain appropriate. *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 664 (11th Cir. 2004) ("[I]n the ordinary Rule 11 context, where a complaint contains multiple claims, one nonfrivolous claim will not preclude sanctions for frivolous claims."); *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005) (same). Here, Plaintiffs' Complaint contains groundless claims asserted by Plaintiffs without standing, including the legislator Plaintiffs and the Bail Bond Association of New Mexico, as well as frivolous claims for money damages against Judicial Defendants despite their immunity defenses. Therefore, sanctions are appropriate to deter Plaintiffs' counsel from filing unsupportable lawsuits for political reasons.

The Court further finds that imposing attorney's fees and costs is an appropriate sanction in this case. The legislator Plaintiffs and the Bail Bond Association of New Mexico's filing of their claims without standing as well as Plaintiffs' claims for money damages against Judicial Defendants in spite of their immunity defenses has prejudiced Judicial Defendants in that they have been required to defend against frivolous claims with no basis in law. Therefore, the Court orders Plaintiffs' counsel Blair Dunn to pay to Judicial Defendants "all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).[3]

The Tenth Circuit has explained that district courts must consider at least the following circumstances in determining the amount of monetary sanctions to impose pursuant to Rule 11: (1) the reasonableness (lodestar calculation) of the requested fees; (2) the minimum amount necessary to deter; (3) the sanctioned party's ability to pay; and (4) other factors, such as the offending party's history, experience, ability, the severity of the violation, and the risk of chilling effects on zealous advocacy. *White v. Gen. Motors Corp.*, 908 F.2d 675, 684–85 (10th Cir. 1990). In briefing the Motion for Sanctions, Judicial Defendants did not address the amount of any potential attorney's fees and costs and did not state whether they had consulted with the opposing party regarding attorney's fees and costs. The Court therefore directs Judicial Defendants to initiate a consultation with Plaintiffs' counsel Blair Dunn regarding the amount of attorney's fees and costs to be awarded. If the parties reach an agreement, they shall file a stipulation and request for an order setting forth the amount of fees and costs to be awarded. If the parties cannot agree, Judicial Defendants shall, within **thirty (30) days** of the date of this Order, file a statement that the parties

---

[3] Although the Court previously dismissed this case, the Court finds that it retains jurisdiction to impose monetary sanctions against Plaintiffs' counsel Blair Dunn. *Doria v. Class Action Servs., LLC*, 261 F.R.D. 678, 684 (S.D. Fla. 2009) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990)) ("district courts may enforce Rule 11 even after the case is dismissed, as a district court's jurisdiction is invoked by the filing of the underlying complaint, which 'supports consideration of both the merits of the action and the motion for Rule 11 sanctions arising from that filing.'"); *Bryant v. Brooklyn Barbecue Corp.*, 932 F.2d 697, 699 (8th Cir. 1991) (holding that district court had jurisdiction to impose Rule 11 sanctions on plaintiff's counsel, even though original complaint was dismissed prior to service on defendants, where violation occurred when original complaint was filed for an improper purpose and without the "reasonable inquiry" required by Rule 11).

have been unable to reach an agreement with regard to the fee award and a memorandum setting forth the factual basis for each criterion that the court is asked to consider in making an award.

## IV. CONCLUSION

For the foregoing reasons, the Court is of the opinion that Plaintiffs' counsel violated Rule 11(b)(2) by not making a sufficient inquiry into the legal basis for the legislator Plaintiffs' standing and the Bail Bond Association of New Mexico's standing as well as Plaintiffs' claims for money damages against Judicial Defendants regardless of their immunity defenses. The Court finds that sanctions are necessary to deter Plaintiffs' counsel and other similarly situated individuals from repeating this sort of conduct. Further, the Court finds that requiring Plaintiffs' counsel Blair Dunn to pay reasonable attorney's fees and costs associated with defending this litigation to Judicial Defendants is warranted in this case because of the prejudice caused to Judicial Defendants and to further deter Plaintiffs' counsel Blair Dunn and others similarly situated. The Court limits the sanctions imposed here to reasonable attorney's fees and costs because the Court is convinced these sanctions will sufficiently deter the violations outlined in this ruling.

It is therefore **ORDERED** that Judicial Defendants' Motion for Sanctions pursuant to Fed. R. Civ. P. 11 is **GRANTED**. (Doc. 33). Plaintiffs' counsel Blair Dunn shall pay the reasonable attorney's fees and costs directly resulting from the Rule 11 violation. Judicial Defendants shall promptly initiate consultation with Plaintiffs' counsel Blair Dunn regarding the amount of attorney's fees and costs to be awarded. If the parties reach an agreement, they shall file a stipulation and request for an order setting forth the amount of fees and costs to be awarded. If the parties cannot agree, Judicial Defendants shall, within **thirty (30) days** of the date of this Order, file a statement that the parties have been unable to reach an agreement with regard to the fee award and a memorandum setting forth the factual basis for each criterion that the court is asked to consider in making an award.

It is further **ORDERED** that Judicial Defendants shall submit an affidavit detailing their reasonable costs and attorney's fees incurred in defending this action within **thirty (30) days** of the date of this Order. Upon submission of the stipulation or statement that the parties have been unable to reach an agreement, the Court will consider the relevant factors and make a determination as to the amount of attorney's fees and costs to impose.

It is so **ORDERED**.

SIGNED this 4th day of January 2017.

ROBERT A. JUNELL
Senior United States District Judge