**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DARLENE COLLINS *et al.*,

     Plaintiffs,

v.                                               Civ. No. 17-776 MV/KK

CHARLES W. DANIELS *et al.*,

     Defendants.

## ORDER DENYING JUDICIAL DEFENDANTS' MOTION TO RELEASE FUNDS FROM COURT'S REGISTRY

THIS MATTER is before the Court on the Judicial Defendants' Motion to Release Funds from Court's Registry (Doc. 107), filed May 13, 2019.[1]  Plaintiffs filed a response in opposition to the motion on May 24, 2019, and the Judicial Defendants filed a reply in support of it on June 2, 2019.  (Docs. 108, 109.)  On August 30, 2019, United States District Judge Martha Vázquez referred the motion to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a).  (Doc. 111.)  The Court, having reviewed the pleadings, the record, and the relevant law, and being otherwise fully advised, FINDS that the motion is premature and should be DENIED.

On March 22, 2018, this Court entered an order permitting Plaintiffs' counsel A. Blair Dunn to

> deposit into the registry of the Court $14,868.00, the stipulated amount of the Rule 11 sanction imposed on Plaintiffs' counsel pending Plaintiffs' appeal of the Court's Order granting Judicial Defendant[s'] Motion to Dismiss and any future final order awarding attorney's fees pursuant to the Court's Order Granting Rule 11 Sanctions against Plaintiffs' counsel.

---

[1] The "Judicial Defendants" are Charles W. Daniels, Edward L. Chavez, Petra Jimenez Maes, Barbara J. Vigil, Judith K. Nakamura, the New Mexico Supreme Court, Nan Nash, James Noel, the Second Judicial District Court, Henry A. Alaniz, Robert L. Padilla, and the Bernalillo County Metropolitan Court.  (Doc. 107 at 1.)  Insofar as Plaintiffs have asserted official capacity claims against these Defendants, C. Shannon Bacon, Michael E. Vigil, David K. Thomson, and Stan Whitaker are automatically substituted for Charles W. Daniels, Edward L. Chavez, Petra Jimenez Meas, and Nan Nash, respectively.  (*Id.* at 1 n.1.)

(Doc. 90 at 1.)  The order further provided that "Defendants may withdraw the funds from the Court registry upon prevailing in the final disposition of the case."  (*Id.* at 2.)

In the motion presently before the Court, the Judicial Defendants seek an order "directing the withdrawal and release to Judicial Defendants of the funds held in the Court'[s] registry, $14,868.00 plus applicable interest."  (Doc. 107 at 2.)  In support of this motion, the Judicial Defendants observe that the United States Court of Appeals for the Tenth Circuit affirmed this Court's orders, including its order awarding Rule 11 sanctions against Mr. Dunn, on February 25, 2019, with the mandate issued on April 9, 2019.  (*See* Doc. 106.)  According to the Judicial Defendants, this means that Plaintiffs' "appeal" is no longer "pending" and the Court's award of Rule 11 sanctions is now final.  (Doc. 107 at 2.)

In their response in opposition to the Judicial Defendants' motion, Plaintiffs argue that the motion is premature because "Plaintiffs' appeal is still pending."  (Doc. 108 at 1-2.)  As Plaintiffs observe, when they filed their response on May 24, 2019, the deadline for filing a petition for writ of certiorari in the United States Supreme Court had not yet expired, and Plaintiffs notified Defendants and the Court of their intent to file one.  (*Id.*)  And accordingly, on June 28, 2019, they did so.  (Doc. 110 at 1.)  To date, Plaintiffs' certiorari petition remains pending before the Supreme Court.  Moreover, one of the questions Plaintiffs have presented to the Supreme Court for review is:  "Were the sanctions against one of the attorney[s] responsible for the initiation of the litigation proper in light of [the Supreme Court's] decisions and decisions from other Courts of Appeals?" *Collins v. Daniels*, No. 19-26, Petition for Writ of Certiorari at *ii* (U.S. Jun. 28, 2019).

The Judicial Defendants, in their reply, contend that they "do not understand the term 'appeal,'" as used in the Court's order permitting Mr. Dunn to deposit funds into the court registry, "to include cert petitions."  (Doc. 109 at 2.)  Rather, "[g]iven how infrequently cert petitions are

2

granted, Judicial Defendants believe the Rule 67 Order would have referred to that review process explicitly if this Court intended for it to be included." (*Id.*) However, acknowledging that they may be mistaken, the Judicial Defendants alternatively request that the Court "require the release of the funds at issue at this time with the caveat that, in the unlikely event that Plaintiffs' cert petition is granted, Judicial Defendants will redeposit said funds in the Court's registry." (*Id.*)

The funds at issue were deposited into the court registry pursuant to Federal Rule of Civil Procedure 67. (Doc. 90 at 1.) "Rule 67 permits a party, upon notice to every other party, and by leave of court, to deposit with the court all or any part of a sum of money." *Garrick v. Weaver*, 888 F.2d 687, 694 (10th Cir. 1989) (quotation marks and brackets omitted). Money paid into the court registry pursuant to Rule 67 may be withdrawn only "in accordance with 28 U.S.C. §§ 2041 and 2042 and any like statute." Fed. R. Civ. P. 67(b). Thus, as the Judicial Defendants tacitly acknowledge,

> [i]t is well settled that funds in the registry of the court cannot be executed against in the absence of court order. *See* 28 U.S.C. § 2042 ("No money deposited [in the registry of the court] shall be withdrawn except by order of the court."); *The Lottawanna,* 87 U.S. (20 Wall.) 201, 224, 22 L.Ed. 259 (1874) (fund in registry "is not subject to attachment either by foreign attachment or garnishment" and "no money deposited ... shall be withdrawn except by the order of the judge").

*Garrick*, 888 F.2d at 695; *see also Fulton Dental, LLC v. Bisco, Inc.*, 860 F.3d 541, 545 (7th Cir. 2017) ("As both Rule 67 and 28 U.S.C. §§ 2041 and 2042 recognize, funds can be withdrawn from the court's registry only under the control of, and with the permission of, the court.").

Moreover,

> [t]he fact that . . . deposited funds are to be disbursed by "order of court," 28 U.S.C. § 2042, does not . . . give the district court carte blanche to dispose of deposited funds as it sees fit, without regard either to the rights of the parties or to the applicable law. Funds deposited pursuant to Rule 67 are not at the disposal of the judge but, rather, are held in trust for their rightful owner. Their disbursement must be in accordance with the law.

*Alstom Caribe, Inc. v. George P. Reintjes Co.*, 484 F.3d 106, 114 (1st Cir. 2007) (citation omitted); *see also Fulton Dental, LLC*, 860 F.3d at 545 ("Once the funds are interpleaded, they will be released to the parties who have proven an entitlement to them."). Hence, for the Court to disburse the funds at issue to the Judicial Defendants, the Court must find that these Defendants are rightfully entitled to them.

The Tenth Circuit addressed a similar situation in *Garrick*, 888 F.2d at 687. In that case, the plaintiff argued that a federal magistrate judge erred by refusing to order the disbursement of funds in the court registry while an appeal to the Tenth Circuit was still pending. *Id.* at 694-95. The Tenth Circuit rejected the plaintiff's argument, observing that

> [o]nce a notice of appeal is filed, jurisdiction over the case is transferred to the court of appeals. Upon the filing of the notice of appeal the magistrate was deprived of power over the case except insofar as he retained jurisdiction in aid of the appeal. . . . [T]he magistrate's power in aid of the appeal does not extend to *approving disbursement of the funds in accordance with the very order being appealed.*

*Id.* at 695 (emphasis in original) (citations omitted). The Tenth Circuit therefore affirmed the magistrate judge's conclusion "that he was without jurisdiction to order disbursement of funds in the registry of the court where the magistrate's order concerning the disposition and apportionment of those funds was on appeal." *Id.*

The Court finds the present posture of this case to be analogous to the posture of the case before the magistrate judge in *Garrick*. Plaintiffs have filed a petition for certiorari asking the Supreme Court to determine, *inter alia*, whether this Court properly awarded sanctions against Mr. Dunn; and, the Supreme Court has not yet ruled on the petition. Until the Supreme Court decides whether to exercise jurisdiction over the case, it would be improper for this Court to do so, except in aid of the appeal. And as the *Garrick* decision instructs, this Court's "power in aid of the appeal does not extend to approving disbursement of the funds in accordance with the very order being appealed." *Id.* Thus, the Judicial Defendants' motion must be denied.

In addition, the Court finds that the conditions it set for release of the funds at issue have not yet been met. In its March 22, 2018 order, the Court directed that "Defendants may withdraw the funds from the Court registry upon prevailing in the final disposition of the case." (Doc. 90 at 2.) Neither party addressed this provision in their briefs or cited to any law elucidating what the phrase "final disposition of the case" should mean in this context. (*See* Docs. 107-09.) However, the Court finds helpful the Tenth Circuit's analysis of the term "final" in the distinct context of 28 U.S.C. § 2255, which provides that a motion under that section may be filed within one year of, *inter alia*, "the date on which [a] judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).

> [W]e recognize that there are several possible meanings of the word "final" in this context. *See Kapral* [*v. United States,* 166 F.3d 565, 569 (3d Cir. 1999)]. First, the judgment of conviction could become final when it is entered by the district court. *See Black's Law Dictionary* 567 (6th ed. 1990) (defining a final decision or judgment as one that "leaves nothing open to further dispute and which sets at rest cause of action between parties. One which settles rights of parties respecting the subject-matter of the suit and which concludes them until it is reversed or set aside...."). It could also become final when the court of appeals affirms the conviction or the time for an appeal expires. Finally, the date the judgment of conviction becomes final could be the date on which the Supreme Court affirms on the merits, denies a petition for writ of certiorari, or the time to file a certiorari petition expires. *See id.* (defining a final decision or judgment as "a decision from which no appeal or writ of error can be taken"); *see also Kapral,* 166 F.3d at 570 (quoting *Webster's Encyclopedic Unabridged Dictionary of the English Language* 532 (1989 ed.) as defining "final" in the legal sense as "'precluding further controversy on the questions passed upon'").

*United States v. Burch*, 202 F.3d 1274, 1276 (10th Cir. 2000).

Here, the Court concludes that "the final disposition of the case," as used in the Court's March 22, 2018 order, refers to the date on which "a decision from which no appeal or writ of error can be taken" is issued, thereby "precluding further controversy on the questions passed upon." *Id.* Only if the Court adopts this interpretation will "the final disposition of the case" conclusively determine whether the Judicial Defendants have "prevail[ed]" and are therefore entitled to the funds at issue. (Doc. 90 at 2.)

In light of this case's present posture, the Tenth Circuit's decision affirming this Court's ruling is not the decision from which no appeal or writ of error can be taken thereby precluding further controversy on the relevant questions. Rather, that decision will be the Supreme Court's decision either denying Plaintiffs' petition for certiorari or ruling on the questions Plaintiffs have presented. That decision, of course, has not yet issued. Thus, the Judicial Defendants have not yet shown that they are entitled to disbursement of the funds in question pursuant to the Court's March 22, 2018 order, and their motion is premature.

The Court is not persuaded that it may simply ignore Plaintiffs' pending certiorari petition because, as the Judicial Defendants argue, it is "unlikely" to be granted. (Doc. 109 at 2.) Even if the Court were to accept the Judicial Defendants' assessment of Plaintiffs' likelihood of success, the fact remains that unlikely events do from time to time occur. As long as Plaintiffs' petition for certiorari remains pending, it is possible that Plaintiffs, and not the Judicial Defendants, will prevail on appeal. Thus, the Court cannot yet definitively say whether the Judicial Defendants have "prevail[ed] in the final disposition of the case," (Doc. 90 at 2), and cannot find that they have proven their entitlement to the funds in the court registry. *Fulton Dental, LLC*, 860 F.3d at 545.

Finally, the Court rejects the alternative proposal the Judicial Defendants include in their reply, not only because they have failed to show their entitlement to the funds in question, but also because the proposal is impractical. For the Court to disburse the funds to the Judicial Defendants, only to have the Judicial Defendants later redeposit them, would create needless additional work for the parties and the Court and could also generate new legal disputes.[2] For all of the above reasons, the Court finds that the Judicial Defendants' motion is premature and should be denied at

---

[2] For example, if the Supreme Court grants Plaintiffs' certiorari petition and the Judicial Defendants redeposit the funds into the Court registry as they propose, it could raise the question whether the Judicial Defendants should also deposit any interest the funds would otherwise have earned had they remained in the court registry. (*See* Doc. 90 at 2 ("The funds shall be deposited by the Clerk of Court into an interest-bearing account.").)

this time. If and when the Judicial Defendants are able to show that they have prevailed in the final disposition of the case as described in this Order, they may file a renewed motion to release the funds.

IT IS THEREFORE ORDERED that the Judicial Defendants' Motion to Release Funds from Court's Registry (Doc. 107) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE