IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DARLENE COLLINS, et al.,

    Plaintiffs,

v.                                         1:17-cv-00776-MV-KK

CHARLES W. DANIELS, Individually and in
His Official Capacity, et al.,

    Defendants.

## JUDICIAL DEFENDANTS' RENEWED MOTION
## TO RELEASE FUNDS FROM COURT'S REGISTRY

COME NOW Defendants Charles W. Daniels, Edward L. Chavez, Petra Jimenez Maes, Barbara J. Vigil, Judith K. Nakamura, the New Mexico Supreme Court, Nan Nash, James Noel, the Second Judicial District Court, Henry A. Alaniz, Robert L. Padilla, and Bernalillo Metropolitan Court (collectively, "Judicial Defendants"),[1] by and through undersigned counsel, and hereby renew their motion for an order releasing the funds ordered in this matter as sanctions against Plaintiffs' counsel under Fed. R. Civ. P. 11 and currently held in the Court's registry. In support of their motion, Judicial Defendants state as follows:

    1. On January 4, 2018, this Court entered an Order granting Judicial Defendants' Rule 11 Motion for Sanctions. (Doc. 73) Specifically, the Court "order[ed] Plaintiffs' counsel Blair Dunn to pay to Judicial Defendants 'all of the reasonable attorney's fees and other expenses directly resulting from the violation [of Rule 11(b)(2)].'" (*Id.* at 13, 14)  That order directed counsel for Judicial Defendants

---

[1] In the intervening years since this lawsuit was filed, Justice Daniels, Justice Chavez, Justice Maes and Judge Nash have retired from judicial service.  To the extent Plaintiffs asserted official capacity claims against those four Judicial Defendants, Justice C. Shannon Bacon, Justice Michael E. Vigil, Justice David K. Thomson, and Second Judicial District Court Chief Judge Stan Whitaker respectively are automatically substituted in their places pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

and Plaintiffs to meet and confer regarding the appropriate amount of Judicial Defendants' attorney's fees, and the parties stipulated to $14,868.00 as the amount of the Rule 11 sanction. (Doc. 81)

2. Plaintiffs' counsel was subsequently granted leave to deposit the agreed-upon amount of $14,868.00 into the Court's registry pursuant to Fed. R. Civ. P. 67. *See Order Granting Plaintiffs' Motion for Leave to Deposit Funds with the Court Registry Pursuant to Rule 67 and Denying Defendants' Motion to Amend or Modify the Court's January 4, 2018 Order* ("Rule 67 Order"), entered on March 22, 2018 (Doc. 90). Plaintiffs' counsel did so on March 30, 2018. *See Notice of Deposit Into Court Registry*, filed on April 11, 2018 (Doc. 96).

3. The Rule 67 Order expressly states that Plaintiffs' counsel was granted leave to deposit the funds into the Court's registry "pending Plaintiffs' appeal of the Court's Order granting Judicial Defendant's Motion to Dismiss and any future final order awarding attorney's fees pursuant to the Court's Order Granting Rule 11 Sanctions against Plaintiffs' counsel" only. (Doc. 90 at 1)

4. Plaintiffs appealed both orders unsuccessfully to the United States Court of Appeals for the Tenth Circuit, *see Collins v. Daniels*, 916 F.3d 1302, 1308 (10th Cir. 2019) (affirming this Court's orders granting Judicial Defendants' motions to dismiss and for Rule 11 sanctions), and to the United States Supreme Court, *see Collins v. Daniels*, No. 19-26, Oct. 7, 2019 Order (denying petition for a writ of certiorari). No mandate is issued by the Supreme Court

5. Therefore, per this Court's Rule 67 Order and *Order Denying Judicial Defendants' Motion to Release Funds from Court's Registry*, entered on Oct. 1, 2019 (Doc. 112), the funds held in its registry should be released to Judicial Defendants.

6. Plaintiffs' counsel opposes this motion because of the right to file a petition for rehearing under U.S. Sup. Ct. Rule 44.3. However, "the denial of certiorari is effective when issued and it disposes of the case before the Supreme Court." *Horton v. United States*, 244 F.3d 546, 551 (7th Cir.

2001); *see also Rosa v. United States*, 785 F.3d 856, 859 (2d Cir. 2015). No mandate issues on denial of certiorari, *see* U.S. Sup. Ct. Rule 45.3, and the order of denial is not automatically suspended pending disposition of a petition for rehearing, *see* U.S. Sup. Ct. Rule 16.3. Thus, "a petition for rehearing before the Supreme Court [ ] 'does essentially nothing with respect to . . . the denial of certiorari[.]'" (quoting *Horton*, 244 F.3d at 551). "Finality attaches when [the Supreme Court] . . . denies a petition for a writ of certiorari[.]" *Clay v. United States*, 537 U.S. 522 (2003). Therefore, this Court should hold that there is no longer a "pending" appeal as required for release of the funds under the Rue 67 Order.

THEREFORE, Judicial Defendants respectfully request that the Court issue an order, in accordance with 28 U.S.C. § 2042, directing the withdrawal and release to Judicial Defendants of the funds held in the Court' registry, $14,868.00 plus applicable interest.

Respectfully Submitted,

HECTOR H. BALDERAS
New Mexico Attorney General

By: */s/ Olga Serafimova*

Olga Serafimova
Assistant Attorney General
Post Office Drawer 1508
Santa Fe, NM 87504-1508
(505) 490-4878 telephone
(505) 490-4883 facsimile
oserafimova@nmag.gov

**CERTIFICATE OF SERVICE**

I certify that I filed the foregoing *Motion* on October 9, 2019 using the ECF System, which will send notification to all counsel of record.

*/s/ Olga Serafimova*