IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **DARLENE COLLINS,** *et al.,* )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**CHARLES W. DANIELS,** *et al.,* )<br>)<br>**Defendants.** )<br>) | Case No.: 17-cv-00776-MV-KK |

### PLAINTIFFS' RESPONSE TO JUDICIAL DEFENDANTS' RENEWED MOTION TO RELEASE FUNDS FROM COURT'S REGISTRY

COMES NOW, Plaintiffs, by and through undersigned counsel Western Agriculture, Resource and Business Advocates, LLP (A. Blair Dunn, Esq.) with their response in opposition to Judicial Defendants' Renewed Motion to Release Funds From the Court Registry prematurely in an effort to harass Plaintiffs during the time in which they intend to prepare a Petition for Rehearing to the United States Supreme Court to continue their appeal pursuant to Supreme Court Rule 44.

By order of the Court (Doc. 90), Plaintiffs' counsel was granted leave to deposit the agreed-upon amount of $14,868.00 required by the Court's January 4, 2018 Order (Doc. 73) into the Court's registry pursuant to Fed. R. Civ. P. 67. Plaintiffs' counsel was granted leave to deposit the funds pending Plaintiffs' appeal of the Court's Order granting Judicial Defendant's Motion to Dismiss and the Order granting Judicial Defendant's Motion for Rule 11 Sanctions.

While it is true that the United States Court of Appeals for the Tenth Circuit affirmed this Court's orders, and the United States Supreme Court denied a Petition for a Writ of Certiorari, counsel for Plaintiff intends to file a Petition for Rehearing before the United States Supreme Court, the deadline for which is November 1, 2019. Thus, Plaintiffs' Petition for Writ

of Certiorari is not the last appeal or final appeal that is available to Plaintiffs before the United States Supreme Court as the rules make provision for a Petition for Rehearing. As discussed in this Court's first *Order Denying Judicial Defendants' Motion to Release Funds from Court's Registry* (Doc. 112), the present posture of this case is in the same place it was prior to Defendants' first motion requesting a release of the funds held in the court registry. Pursuant to *Garrick,* this Court cannot yet exercise jurisdiction over the case. *Garrick v. Weaver,* 888 F.2d 687 (10th Cir. 1989).

The Judicial Defendants have not yet completely prevailed in this matter, as discussed in this Court's October 1, 2019 Order (Doc. 112) citing to *United States v. Burch,* 202 F.3d 1274, 1276 (10th Cir. 2000)

> [W]e recognize that there are several possible meanings of the word "final" in this context. *See Kapral* [*v. United States,* 166 F.3d 565, 569 (3d Cir. 1999)]. First, the judgment of conviction could become final when it is entered by the district court. *See Black's Law Dictionary* 567 (6th ed. 1990) (defining a final decision or judgment as one that "leaves nothing open to further dispute and which sets at rest cause of action between parties. One which settles rights of parties respecting the subject-matter of the suit and which concludes them until it is reversed or set aside...."). It could also become final when the court of appeals affirms the conviction or the time for an appeal expires. Finally, the date the judgment of conviction becomes final could be the date on which the Supreme Court affirms on the merits, denies a petition for writ of certiorari, or the time to file a certiorari petition expires. *See id.* (defining a final decision or judgment as "a decision from which no appeal or writ of error can be taken"); *see also Kapral,* 166 F.3d at 570 (quoting *Webster's Encyclopedic Unabridged Dictionary of the English Language* 532 (1989 ed.) as defining "final" in the legal sense as "'precluding further controversy on the questions passed upon'").

If the 10th Circuit in *Birch* concluded that the final disposition of the case refers to a date for which there is no chance for appeal or writ of error taken, then Plaintiffs' Petition for Writ of Certiorari cannot yet be deemed to be the final disposition, pursuant to Supreme Court Rule 44 which allows for a Petition for Rehearing to be filed within 25 days of an Order of the Court.

Judicial Defendants will not be prejudiced by any wait for the United States Supreme Court to decide upon a Petition for Rehearing and there is no legitimate reason for Judicial Defendants to have filed the instant motion at this time other than to harass Plaintiffs' counsel. The renewed Motion to Distribute Funds should be denied.

        Respectfully Submitted,

        WESTERN AGRICULTURE, RESOURCE
        AND BUSINESS ADVOCATES, LLP

        */s/ A. Blair Dunn*
        A. Blair Dunn, Esq.
        400 Gold Ave SW, Suite 1000
        Albuquerque, NM 87102
        (505) 750-3060
        abdunn@ablairdunn-esq.com

## CERTIFICATE OF SERVICE

I certify that, on this 23rd day of October 2019 I filed the foregoing via CM/ECF, causing all parties of record to be served electronically.

*/s/ A. Blair Dunn*
A. Blair Dunn, Esq.